Yosef Peretz (Cal. SBN 209288)
Cary S. Kletter (Cal. SBN 210230)
KLETTER & PERETZ
22 Battery Street, Suite 202
San Francisco, CA 94111
Telephone: 415.732.3777
Facsimile: 415.372.3791

Attorneys for Plaintiff CAESAR OSAKAN

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAESAR OSAKAN, individually, on behalf of all other similarly situated persons, and on behalf of the California Labor and Workforce Development Agency and the State of California, <br><br>            Plaintiffs, <br><br> v. <br><br> APPLE AMERICAN GROUP; APPLE NORCAL, LLC; and DOES 1-20, <br><br>            Defendants. | **CASE NO. C 08-04722 EDL** <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY** |

## I. INTRODUCTION

1. This is an action brought by Plaintiff CAESAR OSAKAN ("OSAKAN"), individually, on behalf of all other similarly situated persons (collectively herein referred as "Plaintiffs"), and on behalf of the California Labor and Workforce Development Agency and the State of California against Defendants APPLE AMERICAN GROUP, APPLE NORCAL, LLC and DOES 1-20 (collectively herein referred as "Defendants") in connection with claims arising from Defendants' unlawful misclassification of Plaintiffs as exempt employees and related wage claims.

//
//
//

## II.    JURISDICTION

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, *et seq.*  This Court has original jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331.    This Court has supplemental jurisdiction over the California Labor Code ("Labor Code") and the California Business and Professions Code (B&P Code") claims pursuant to 28 U.S.C. § 1367.

3.    Jurisdiction over Plaintiffs' claims is also proper under 28 U.S.C. § 1332 as OSAKAN is a citizen of the state of California, Defendant APPLE AMERICAN GROUP ("AAG") is a corporation domiciled in the state of Ohio and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.    VENUE

4.    Venue is proper in the United States District Court, Northern District of California, pursuant to 28 U.S.C. § 1391 because Defendant APPLE NORCAL, LLC ("Apple Norcal") resides in this District and a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

## IV.    PARTIES

5.    OSAKAN is a resident of the City of San Rafael, California.

6.    OSAKAN worked as an assistant manager for the Defendants' Applebee's Restaurant location located at 3050 Northgate Mall, San Rafael, CA 94903, from approximately January 2007 through October 2007.

7.    The California Labor and Workforce Development Agency ("LWDA") is a California governmental agency represented by OSAKAN pursuant to the California Private Attorneys General Act, Labor Code § 2698, *et seq.* ("PAGA").

8.    The State of California is a governmental agency represented by OSAKAN pursuant to the PAGA.

9.    AAG is, upon information and belief, an Ohio corporation.  AAG is, and at all times relevant hereto has been, authorized to, and does, conduct business in the State of California. AAG maintains branches and conducts business in, unlawfully misclassifies employees, fails to

pay mandatory wages, and denied/denies Plaintiffs meal and rest periods in Northern California, within the jurisdiction of this Court.

10. Apple Norcal is, upon information and belief, a California limited liability company that operates in Northern California, within the jurisdiction of this Court.

11. Does 1-20 are defendants whose names are unknown and who shall be named once their identities are ascertained. Upon information and belief, the Defendants are agents of the others and they are all managed and controlled by the same individuals and had and/or have the same policies and practices with regard to exempt employees' classification, wages, rest breaks and meal breaks. The true names and capacities, whether individual, corporate, associate or otherwise, and the true involvement of defendants sued herein as Defendants Does 1-20, are unknown to OSAKAN who therefore sues said defendants by such fictitious names and will amend this Complaint to show the true names, capacities and involvement when ascertained. OSAKAN is informed and believes and thereon alleges that each of the defendants designated as a Doe is responsible in some manner for the events and happenings herein referred to, and that Plaintiffs' injuries and damages as hereinafter set forth were proximately caused by said Defendants. OSAKAN is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants sued herein was the agent and/or employee of each of the remaining Defendants, and each of them, was at all times acting within the purpose and scope of such agency and employment.

## V.   FACTUAL ALLEGATIONS

12. OSAKAN was unlawfully misclassified as an exempt employee while working for the Defendants, nonetheless, the Defendants treated him as though he was a non-exempt employee in terms of duties and assignments.

13. OSAKAN's duties and responsibilities included, but were not limited to, cleaning the restrooms, bussing tables, performing host duties, answering the phone, packaging "to go" orders and acting as a food runner, and other similar non-managerial duties which took up over 50% of his time every shift he worked.

14. OSAKAN is informed and believes and thereon alleges that all other similarly situated employees working for the Defendants under the title "assistant managers" or a similar title,

such as "chef", and acted as an assistant manager, and were unlawfully misclassified as exempt employees by Defendants (the "Class Members").

15. Defendants are multi-faceted modern business entities with multiple affiliated entities. The main focuses of the businesses are to operate Applebee's franchises in California, Nevada and other States.

16. Upon information and belief, the Defendants are Applebee's largest franchisee and operate or operated approximately 189 Applebee's locations.

17. On information and belief, each Applebee's' facility operated by Defendants employs between three (3) to five (5) individuals, whom are unlawfully categorized by Defendants as exempt employees and thus come within the definition of Class Members.

18. Upon information and belief, the Class Members typically work shifts of more than eight hours, although the hours of each individual employee may vary.

19. Defendants' misclassification of the Class Members as exempt caused these employees to work overtime without being paid.

20. Defendants had and/or have a policy and practice of failing to properly record the hours worked and meal breaks taken, by the Class Members.

21. Defendants had and/or have a policy and practice of depriving the Class Members of the opportunity to take rest periods and meal breaks.

22. Defendants had and/or have a policy and practice of depriving the Class Members of meal breaks by making those employees "on call" during the time period that would be their meal breaks and rest breaks and requiring that work be performed.

23. Defendants had and/or have a policy and practice of failing to pay the Class Members wages and/or overtime wages, because pursuant to Defendants' policy and practice exempt employees did not keep accurate records of their hours worked, they were simply considered on salary without accounting for hours worked.

24. Defendants had and/or have a policy and practice of failing to produce accurate wage statements to Class Members based upon the policies and practices described above, specifically failing to pay overtime, failing to pay for all hours worked, failure to provide meal breaks and interrupting employee's meal breaks.

25. Defendants' policies and practices violate California Industrial Welfare Commission ("IWC") Order 5-2001, California Code of Regulations, Title 8, Chapter 5, § 11070; Labor

1  Code §§ 200, 201, 202, 204, 210, 221, 226, 226.7, 351, 450, 510, 512, 1194 and 2802; and

2  B&P Code §§ 17200 *et seq.* ("Unfair Business Practices Act"). These laws require, *inter alia*,

3  that non-exempt employees be paid for all hours worked, including overtime and that all hours

4  worked by accurately reflected on a written, itemized statement. These laws also require

5  employers to provide their non-exempt employees with a meal period of at least 30 minutes for

6  every five hours the employee spends on the job, and that employees must be relieved of all

   duties during meal periods.

7      26. OSAKAN brings this action on behalf of himself and the Class Members in order to

8  challenge the following policies and practices: 1) the failure to pay Class Members for all

9  hours worked, including overtime; 2) the denial of meal periods to which the Class Members

10 are or were entitled; 3) interrupting the Class Members' meal breaks and requiring them to be

11 "on call" or to work during their breaks; and 4) the failure to provide Class Members with a

12 itemized wage statement accurately reflecting the hours worked.

13     27. Plaintiffs, on behalf themselves and all others similarly situated, seek injunctive and

14 declaratory relief, compensation for all uncompensated work, liquidated and/or other damages

   as permitted by applicable law, as well as attorneys' fees, penalties, interest and costs.

15     28. Plaintiffs gave notice to the LWDA pursuant to Labor Code §§ 210, 211 and PAGA

16 about the Defendants' violation of Labor Code §§ 204, 210 and 211. On November 20, 2008,

17 the LWDA informed Plaintiffs that they do not intend to investigate the allegations and Plaints

18 have the right to sue for civil penalties. A true and correct copy of the November 20, 2008

19 LWDA correspondence is attached hereto as Exhibit "A". Therefore, the Court has jurisdiction

20 over Plaintiffs' claims for penalties pursuant to Labor Code §§ 210 and 211 and PAGA.

21     29. Class Members were required to be "on call" at all times and were required to remain

22 available and in direct contact with their supervisor at the location to which they were

   assigned.

23     30. A practice or policy that requires employees to remain on-call during meal periods is

24 in violation of IWC Wage Orders and the Labor Code, including but not limited to IWC Wage

25 Order 5-2001 (Cal. Code Reg., tit. 8, § 11010, subds. 11(A) and 12(A)) and Labor Code §

26 512(a)).

27 //
   //
28 //

## VI.    CLASS ALLEGATIONS

31.  OSAKAN brings this action of behalf of himself and others similarly situated—the Class Members.  The Class that Plaintiffs seek to represent is defined as follows:

> All exempt employees of Defendants from October 2004 through the present employed under the title of "assistant manager" or a similar title (such as chef) and acting as an assistant manager, at any of the locations operated by the Defendants.

32.  This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the class is easily ascertainable:

a.  Numerosity:  The potential Class Members as defined are so numerous that joinder of all the Class Members is impracticable.  Defendants employ numerous misclassified exempt employees at any given time, it is estimated that there will be at least 600 Class Members.

b.  Commonality:  There are questions of law and fact common to the Plaintiffs and to the Class that predominate over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

i.    Whether Defendants' policy and practice of classifying employees as assistant managers or chefs as exempt employees violates FLSA and other applicable laws;

ii.    Whether Defendants' policy and practice of denying meal breaks to its assistant manager or chefs employees is an unlawful, unfair or fraudulent business act or practice in violation of B&P Code §§ 17200 and 17203, *et seq.*;

iii.    Whether Defendants violated Labor Code §§ 201-202 and/or the Unfair Business Practices Act by failing to promptly pay Plaintiffs and all Class Members wages due to them upon the termination of their employment;

iv.    Whether Defendants' payroll policies and practices have violated the Labor Code and/or the Unfair Business Practices Act by providing wage statements that do not accurately reflect the employees' earnings, hours worked, or other items listed in Labor Code § 226; and

v.    The proper formula for calculating restitution, damages and waiting time penalties owed to Plaintiffs.

c.    Typicality:  OSAKAN's claims are typical of the claims of the Class Members. Defendants' common course of conduct in violation of law as alleged herein has caused OSAKAN and Class Members to sustain the same or similar injuries and damages.   OSAKAN's claims are thereby representative of, and co-extensive with, the claims of the Class.

d.    Adequacy of Representation:  OSAKAN is a Class Member, do not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class Members.  Counsel representing OSAKAN are competent and experienced in litigating large employment class actions. OSAKAN will fairly and adequately represent and protect the interest of Class Members.

e.    Superiority of Class Action:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.   Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices of failing to accurately classify their employees as nonexempt, failing to provide adequate meal breaks and rest periods, failing to timely and accurately pay non-exempt employees all wages due, and of failing to provide accurate itemized wage statements as required by law.   Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## FIRST CAUSE OF ACTION
(Failure to pay overtime in violation of the FLSA)

33.  OSAKAN re-alleges and incorporates by reference all of the allegations alleged in paragraphs 1-32 herein.

34.  At all times relevant hereto, Defendants were each an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of

the FLSA, 20 U.S.C. § 203. At all times relevant hereto, Plaintiffs were employees of Defendants. At all times relevant hereto, upon information and belief, Defendants had gross operating revenues in excess of $500,000.00.

35. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per work week.

36. During their employment with Defendants, within the applicable statute of limitations, OSAKAN and the Class Members worked in excess of forty hours per workweek without overtime compensation. Despite the hours worked by OSAKAN and the Class Members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them overtime compensation for work performed in excess of 40 hours per workweek.

37. By failing to accurately record, report, and/or preserve records of hours worked by OSAKAN and the Class Members, Defendants failed to make, keep, and preserve records with respect to its employees sufficient to determine Plaintiffs' wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

39. Plaintiffs seek damages in the amount of their unpaid overtime compensation, liquidated damages from four years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

40. Plaintiffs seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
(Failure to Pay All Overtime Earned for Hours Worked In
Violation of Labor Code §§ 510 and 1194 and IWC Wage Orders)

41. OSAKAN re-alleges and incorporates by reference all of the allegations alleged in paragraphs 1-32 herein.

1    42.  Labor Code § 510(a) provides that work in excess of 8 hours in a day, or 40 hours in a week, must be compensated at a rate not less than one and one-half times the regular rate of pay for an employee.

43.  IWC Wage Order 5-2001 and 8 Cal. Code of Regulations § 11040 also provide that work in excess of 8 hours in a day, or 40 hours in a week, must be compensated at not less than one and one-half times the regular rate of pay for an employee.

44.  Plaintiffs and the Class Members work or have worked shifts of more than 8 hours in a day and/or worked more than 40 hours in a week.

45.  Pursuant to Labor Code § 1194, Plaintiffs and Class Members are entitled to recover in a civil action the unpaid balance of the full amount of overtime compensation for all hours worked in excess of eight hours a day and in excess of 40 hours in a week.

46.  As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class Members have suffered damages, in an amount to be proven at trial.

47.  As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class Members are also entitled to attorneys fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

### THIRD CAUSE OF ACTION
(Failure to Provide Meal Periods In Violation
of Labor Code §§ 226.7 and 512 and IWC Wage Orders)

48.  OSAKAN re-alleges and incorporates by reference all of the allegations alleged in paragraphs 1-32 herein.

49.  At all times relevant herein, Labor Code §§ 226.7 and 512 and the applicable wage IWC orders, including IWC Wage Order 5-2001 (Cal. Code Reg., tit. 8, § 11010, subds. 11(A) and 12(A)), have required Defendants to provide meal periods to their employees.

50.  Labor Code §§ 226.7 and 512, and the IWC wage orders, including IWC Wage Order 5-2001 (Cal. Code Reg., tit. 8, § 11010, subds. 11(A) and 12(A)), prohibit employers from employing an employee for more than five hours without a meal period of less than 30 minutes.

51.  Unless an employee is relieved of all duty during the 30 minute meal period, the employee is considered "on duty" and the meal periods are counted as time worked, under the applicable wage orders.

52. Under Labor Code § 226.7(b) and the IWC wage orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

53. Defendants have a policy and practice of requiring their exempt employees to remain "on call" during meal periods.

54. Defendants also have a policy and practice of scheduling their exempt employees' workday in such a manner as to deny Plaintiffs and Class Members an opportunity to take a meal break.

55. The aforementioned policies and practices are in violation of law, in that Defendants' policies and practices have denied Plaintiffs and the Class Members the meal breaks and rest periods to which they are legally entitled.

56. As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class Members have suffered damages, in an amount to be proven at trial.

57. As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class Members are also entitled to attorneys fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

58. The aforementioned conduct of Defendants was ratified and approved by the highest levels of management and was in conscious disregard of the Class Members' rights so as to justify an award of exemplary and punitive damages.

**FOURTH CAUSE OF ACTION**
(Failure to Pay Wages for All Hours Worked In
Violation of Labor Code § 201, 202 and 203)

59. OSAKAN re-alleges and incorporates by reference all of the allegations alleged in paragraphs 1-32 herein.

60. Labor Code § 201(a) requires an employer who discharges an employee to pay compensation due and owing to the employee immediately upon discharge.

61. Labor Code § 202(a) requires an employer to pay compensation due and owing to an employee who has quit or resigned within seventy-two (72) hours of that time at which the employee provided notice of his intention to quit or resign.

62. California Plaintiffs and certain Class Members have left the employ of Defendants, but have not been paid full compensation for all hours worked.

63. Defendants have willfully failed and refused to make timely payment of wages to Plaintiffs and certain Class Members.

64. As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class Members have suffered damages, in an amount to be proven at trial.

65. As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class Members are also entitled to attorneys fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

### FIFTH CAUSE OF ACTION
(Waiting Time Penalties Under
Labor Code § 201, 202 and 203)

66. OSAKAN re-alleges and incorporates by reference all of the allegations alleged in paragraphs 1-32 herein.

67. Labor Code § 201(a) requires an employer who discharges an employee to pay compensation due and owing to the employee immediately upon discharge.

68. Labor Code § 202(a) requires an employer to pay compensation due and owing to an employee who has quit or resigned within seventy-two (72) hours of that the time at which the employee provided notice of his intention to quit or resign.

69. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Labor Code §§ 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

70. Plaintiffs and the Class Members are entitled to unpaid compensation for all hours worked at the legally mandated rates, but for which they have not yet been paid.

71. Plaintiffs and certain Class Members have left the employ Defendants, but have not yet been fully compensated for the hours that they worked.

72. Defendants have willfully failed and refused to make timely payment of wages to Plaintiffs and certain Class Members.

73.  As a direct and proximate result of Defendants' alleged conduct, Defendant is liable to Plaintiffs and certain Class Members for up to thirty (30) days of waiting time penalties pursuant to Labor Code § 203.

74.  As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class Members are also entitled to attorneys fees under Labor Code §§ 218.5 and 1194, in addition to interest, expenses and costs of suit.

**SIXTH CAUSE OF ACTION**
(Violation of Labor Code § 204 and 210)

75.  OSAKAN re-alleges and incorporates by reference all of the allegations alleged in paragraphs 1-32 herein.

76.  All wages due to any employee are due and payable twice during each month and all overtime wages must be paid no later than the payday for the next regular payroll period pursuant to Labor Code § 204.

77.  Defendants did not pay Plaintiffs and other Class Members all of their regular wages and all of their overtime wages within the applicable time periods set forth in Labor Code § 204, and in some cases have not paid them to date.

78.  Labor Code § 210 provides for penalties for failure to pay wages pursuant to Labor Code § 204 as $100 for any initial violation and $200 for each subsequent violation, plus 25% of the amount withheld.

79.  Plaintiff and Class Members are aggrieved employees pursuant to Labor Code § 2699(a).

80.  Plaintiffs have sought the intervention of the LWDA to investigate and prosecute Plaintiffs' labor code violations identified in this Complaint in compliance with Labor Code §§ 211 and 2699.

81.  Labor Code § 2698(f)(2) provides for penalties for labor code violations as $100 for any initial violation per employee and $200 for each subsequent violation per employee.

82.  As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class Members are also entitled to attorneys' fees, in addition to interest, expenses and costs of suit.

//
//
//

## SEVENTH CAUSE OF ACTION
(Failure to Provide an Itemized Wage
Statement in Violation of Labor Code § 226)

83.  OSAKAN re-alleges and incorporates by reference all of the allegations alleged in paragraphs 1-32 herein.

84.  Labor Code § 226(a) provides that every employer shall, semimonthly or at the time of each payment of wages, provide each employees with a written, itemized statement showing, *inter alia*, the gross wages earned, the total hours worked by the employee, and the applicable hourly rate in effect during the pay period and the corresponding number of hours earned at each hourly rate.

85.  The IWC Wage Orders also establish this requirement.  (*See* 8 Cal. Code of Regs., §11040(8).)

86.  Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which the violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and is entitled to an award of costs and attorneys fees.

87.  Defendants have failed and continue to fail to provide accurate, itemized wage statements to Plaintiffs and the Class Members, in that wage statements that Defendants provide to their employees, including Plaintiffs and the Class Members, do not accurately reflect the actual hours worked and the wages earned.

88.  Defendants are liable to Plaintiffs and the Class Members for the amounts described above, in addition to the civil penalties provided for in Labor Code §226.3.

89.  As a direct and proximate result of Defendants' conduct, Plaintiffs and the Class Members are also entitled to attorneys fees under Labor Code § 226(e), in addition to interest, expenses and costs of suit.

//

//

//

**EIGHTH CAUSE OF ACTION**
(Civil Penalties Under Labor Code § 558)

90.  OSAKAN re-alleges and incorporates by reference all of the allegations alleged in paragraphs 1-32 herein.

91.  Labor Code § 558 provides for civil penalties for violation of the Labor Codes' and IWC Wage Orders' regulations regarding hours worked.

92.  Labor Code § 558 provides for civil penalties for violation of provisions regulating hours as $50 for the initial pay period violation (in addition to the amount of the unpaid wages) and $100 for each subsequent pay period violation (in addition to the amount of the unpaid wages).

93.  Defendants are liable to Plaintiff and Class Members for civil penalties pursuant to Labor Code § 558 for violation of the Labor Codes' and IWC Wage Orders' regulations regarding hours worked based upon the facts and circumstances described above.

**NINTH CAUSE OF ACTION**
(Unlawful, Unfair and Fraudulent Business Practices
In Violation of California B&P Code §§ 17200 and 17203, *et seq.*)

94.  OSAKAN re-alleges and incorporates by reference all of the allegations alleged in paragraphs 1-32 herein.

95.  California B&P Code § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

96.  California B&P Code § 17202 provides:  "Notwithstanding Section 2289 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

97.  California B&P Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

98.  California B&P Code § 17203 also provides that any person who meets the standing requirements of § 17204 and complies with California CCP § 382 may pursue representative claims for relief on behalf of others.

//

//

99. California B&P Code § 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Business Practices Act.

100. Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with the minimum standards law.

101. Pursuant to California B&P § 17202, Plaintiffs and other similarly situated employees are entitled to enforce all applicable provisions of the Labor Code.

102. Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent practices and acts described in this Complaint, including, but not limited to:

    a.   Violations of Labor Code §§ 226.7 and 512, and IWC Wage Orders pertaining to meal period;

    b.   Violations of FLSA;

    c.   Violations of Labor Code §§ 510 and 1194, and IWC Wage Orders pertaining to overtime compensation;

    d.   Violations of Labor Code §§ 201, 202 and 203, 204 210 and 2698(f)(2), pertaining to unpaid wages; and

    e.   Violations of Labor Code § 226, pertaining to itemized statements of wages.

103. The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of California B&P Code §§ 17200 and 17203, *et seq.*

104. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of California B&P Code §§ 17200 and 17203, *et seq.* Among other things, the Defendants' acts and practices have forced Plaintiffs and other similarly situated workers to labor for many hours in a row without

receiving the meal and rest periods to which they were entitled by law, and have forced Plaintiffs and the Class Members to labor without receiving compensation.

105. The acts and practices described above have allowed Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

106. As a direct and proximate result of the acts and practices described herein, Plaintiffs and the Class Members have been denied compensation, in an amount to be proven at trial.

107. Plaintiffs and the Class Members are entitled to restitution pursuant to California B&P Code § 17203 for all wages and other compensation unlawfully withheld from employees during the four year period prior to the filing of the complaint.

108. As a direct and proximate result of the aforementioned acts and practices, Defendants have received, and continue to receive, ill-gotten gains belonging to Plaintiffs and the Class Members.

109. Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and practices described herein.

110. Pursuant to California B&P § 17203 and/or any other applicable law, Plaintiffs seek an order preventing Defendants from engaging in unlawful, unfair and fraudulent conduct, and preventing Defendants from profiting and benefiting from illegal and wrongful acts.

111. Plaintiffs' success in this action will enforce important rights affecting the public interest. Therefore, Plaintiffs sue on behalf of the general public, as well as themselves and the Class Members.

112. An award of attorneys' fees is appropriate pursuant to California CCP § 1021.5 and other applicable laws, because: 1) this action will confer a significant benefit upon a large class of persons; 2) there is a financial burden involved in pursuing this action; and 3) it would be against the interest of justice to force plaintiffs to pay attorneys fees from any amount recovered in this action.

WHEREFORE, Plaintiffs pray for judgment as is further set forth below.

## PRAYER FOR RELIEF

Plaintiffs pray for relief, as follows:

1.   For an order certifying this action as a class action, appointing OSAKAN as Class Representative, and Plaintiffs' attorneys as Class Counsel;

2.   For a declaratory judgment that Defendants have violated the FLSA and California Labor Laws and public policy, as alleged herein;

3.   For a declaratory judgment that Defendants have violated B&P Code §§ 17200 and 17203, *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting workers, ensuring that workers are paid at the legally mandated rate for all hours worked, and prohibiting work without adequate meal breaks and rest periods;

4.   For a permanent and mandatory injunction prohibiting Defendants, their officers, agents, employees, affiliated companies, and all those working in concert with them, from committing future violations of the laws and public policies described herein;

5.   For an award of restitution;

6.   For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under Labor Code §§ 201-204, 210, 211, 226(e), 226.3 and 226.7(b), together with interest on these amounts;

7.   For an order awarding Plaintiffs and the Class Members compensatory damages, including but not limited to wages, earnings, and other compensation, according to proof, and interest on these amounts;

8.   For punitive damages according to proof;

9.   For award of reasonable attorneys' fees, as provided by FLSA, Labor Code §§ 218.5, 226(e), 1194, 2699(g)(1), and CCP § 1021.5, and/or other applicable law;

10. For all costs of suit; and

11. For such other and further relief as this Court deems just and proper.


Dated: December 23, 2008                     KLETTER & PERETZ

                                             By:_____
                                                Yosef Peretz
                                                Attorney for Plaintiff
                                                CAESAR OSAKAN

1

**JURY TRIAL DEMANDED**

2      Plaintiffs request a trial by jury on each cause of action for which a trial by jury is

3   proper.

4   Dated: December 23, 2008                    KLETTER & PERETZ

5

6

7                                               By:_____

8                                                    Yosef Peretz
                                                     Attorney for Plaintiff
9                                                    CAESAR OSAKAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



# Labor & Workforce Development Agency

**Governor**
Arnold
Schwarzenegger

**Acting Secretary**
Douglas Hoffner

Agricultural
Labor
Relations
Board

California
Business
Investment
Services

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

November 20, 2008

Kletter & Peretz
22 Battery St., Suite 202
San Francisco, CA 94111

Apple American Group                      Apple Norcal LLC
Greg Flynn                                Cas Banaszek
6200 Oak Tree Blvd., Suite 250            3050 Northgate Mall
Independence, OH 44131                    San Rafael, CA 94903

Re:    LWDA No: 4069
       Employer:   Apple American Group, Apple Norcal LLC
       Employee:   Caesar Osakan

Dear Employer and Representative of the Employee:

This is to inform you that the Labor and Workforce Development Agency (LWDA)
received your notice of alleged Labor Code violations pursuant to Labor Code Section
2699, postmarked October 14, 2008 and after review, does not intend to investigate the
allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "…civil
penalties recovered by aggrieved employees shall be distributed as follows:  75 percent to
the LWDA for enforcement of labor laws and education of employers and employees about
their rights and responsibilities under this code".  Labor Code Section 2699(l) specifies
"[T]he superior court shall review and approve any penalties sought as part of a proposed
settlement agreement pursuant to this part".

Consequently you must advise us of the results of the litigation, and forward a copy of the
court judgment or the court-approved settlement agreement.

Sincerely,

Doug Hoffner
Acting Secretary