1   VILLARREAL HUTNER PC
    TRACY S. TODD, ESQ., Cal. Bar No. 172884
2   E-Mail: ttodd@vhattorneys.com
    LARA VILLARREAL HUTNER, ESQ., Cal. Bar No. 178639
3   E-Mail: lhutner@vhattorneys.com
    575 Market Street, Suite 300
4   San Francisco, California  94105
    Telephone: 415.543.4200
5   Facsimile: 415.512.7674

6   Attorneys for Defendants and Cross-Complainants
    APPLE AMERICAN GROUP LLC and
7   APPLE NORCAL LLC

8                    UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10

11  CAESAR OSAKAN, individually, on behalf       CASE NO. 4:08-cv-04722-SBA
    of all other similarly situated persons, and on
12  behalf of the California Labor and Workforce
    Development Agency and the State of          **DEFENDANTS/CROSS-COMPLAINANTS
13  California,                                  APPLE AMERICAN GROUP LLC AND
                                                 APPLE NORCAL LLC'S ANSWER TO
14              Plaintiffs,                       FIRST AMENDED COMPLAINT AND
                                                 COUNTERCLAIM  FOR BREACH OF
15         v.                                    CONTRACT**

16  APPLE AMERICAN GROUP; APPLE
    NORCAL, LLC; and DOES 1-20,
17
                Defendants.
18

19

20         Defendants Apple American Group LLC and Apple NorCal LLC (collectively

21  "Defendants") hereby answer the First Amended Class Action Complaint and Demand For Jury

22  ("FAC") filed by Plaintiff Caesar Oskan (erroneously identified as Caesar Osakan, hereinafter

23  "Plaintiff") in the United Stated District Court, Northern District of California, Oakland Division,

24  Case No. 4:08-cv-04722-SBA, as set forth below.  Each defendant answers only as to the

25  restaurants each operates.

26  I.     INTRODUCTION

27         1.     Answering paragraph 1 of the FAC, Defendants deny that they unlawfully

28  misclassified Plaintiff, or anyone else, as exempt or are otherwise liable for any related wage

                                        -1-

1   claims.  Defendants further deny that Plaintiff is similarly situated to any current or former

2   employee of Defendants, particularly as Plaintiff has executed a general release of claims releasing

3   most, if not all, of the claims set forth in the FAC in exchange for consideration paid to him by

4   Defendants and has also executed an agreement not to bring a collective action against

5   Defendants.  As to the remaining allegations contained in paragraph 1, Defendants aver that the

6   remaining allegations set forth therein are conclusions of law, to which no answer is required.  To

7   the extent any such allegations are not deemed to be conclusions of law, Defendants deny such

8   allegations.  Defendants specially deny that Plaintiff should be allowed to bring this action as a

9   collective action and specifically deny that Plaintiff or others are entitled to the relief alleged

10  therein.

11  **II.      JURISDICTION**

12          2.      Answering paragraph 2 of the FAC, Defendants aver that the allegations set forth

13  therein are conclusions of law, to which no answer is required.  To the extent any such allegations

14  are not deemed to be conclusions of law, Defendants deny such allegations.

15          3.      Answering paragraph 3 of the FAC, Defendants admit that Apple American

16  Group's principal place of business is Ohio.  Defendants lack information sufficient to form a

17  belief as to the truth or falsity of the allegation that Plaintiff is a citizen of the state of California,

18  and on that basis, deny this allegation.  Defendants deny that the amount in controversy exceeds

19  $75,000, exclusive of interest and costs, particularly as Plaintiff has executed a general release of

20  claims releasing most, if not all, of the claims set forth in the FAC in exchange for consideration

21  paid to him by Defendants and has also executed an agreement not to bring a collective action

22  against Defendants.  As to the remaining allegations contained in paragraph 3, Defendants aver

23  that the remaining allegations set forth therein are conclusions of law, to which no answer is

24  required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants

25  deny such allegations.

26  **III.     VENUE**

27          4.      Answering paragraph 4 of the FAC, Defendants admit that Apple NorCal, LLC's

28  principal place of business is California and further admits that Caesar Oskan was employed at an

1  Applebee's restaurant located in San Rafael, California.  As to the remaining allegations contained

2  in paragraph 4, Defendants aver that the remaining allegations set forth therein are conclusions of

3  law, to which no answer is required, though Defendants aver that venue would not be proper in the

4  United States District Court, Northern District of California, as to purported class members who

5  work and reside outside of the Northern District of California.  To the extent any such allegations

6  are not deemed to be conclusions of law, Defendants deny such allegations.

7  **IV.    PARTIES**

8        5.      Answering paragraph 5 of the FAC, Defendants lack information sufficient to form

9  a belief as to the truth or falsity of the allegation set forth therein, and on that basis, deny the

10 allegation.

11       6.      Answering paragraph 6 of the FAC, Defendants admit that Plaintiff Caesar Oskan

12 worked as an assistant manager-in-training at Defendants' Applebee's restaurant located at 3050

13 Northgate Mall, San Rafael, CA 94903 from March 7, 2007, through May 13, 2007 and that he

14 worked there as an assistant manager from May 14, 2007 through October 17, 2007.  Except as

15 expressly admitted herein, Defendants deny each and every allegation contained within paragraph

16 6 of Plaintiff's FAC.

17       7.      Answering paragraph 7 of the FAC, Defendants aver that the allegations set forth

18 therein are conclusions of law, to which no answer is required.  To the extent any such allegations

19 are not deemed to be conclusions of law, Defendants deny such allegations.

20       8.      Answering paragraph 8 of the FAC, Defendants aver that the allegations set forth

21 therein are conclusions of law, to which no answer is required.  To the extent any such allegations

22 are not deemed to be conclusions of law, Defendants deny such allegations.

23       9.      Answering paragraph 9 of the FAC, Defendants admit that Apple American Group

24 is a Delaware corporation with its principal place of business in Ohio.  Defendants further admit

25 that Apple American Group is, and at all time relevant hereto has been authorized to, and does,

26 conduct business in the State of California.   Defendants further admit that Apple American Group

27 operates restaurants and conducts business in Northern California.  Defendants deny that Apple

28 American Group, or any related entity, "unlawfully misclassifies employees, fails to pay

CASE NO. 4:08-cv-04722-SBA           DEFENDANTS/CROSS-COMPLAINANTS' VERIFIED ANSWER TO
                                     FIRST AMENDED COMPLAINT AND COUNTERCLAIM

1   mandatory wages, and denied/denies" Plaintiff Oskan, or any purported class member, "meal and

2   rest periods in Northern California."   As to the remaining allegations set forth in paragraph 9 of

3   the FAC, Defendants aver that the remaining allegations set forth therein are conclusions of law,

4   to which no answer is required.  To the extent any such allegations are not deemed to be

5   conclusions of law, Defendants deny such allegations.  Except as expressly admitted herein,

6   Defendants deny each and every allegation contained within paragraph 9 of Plaintiff's FAC.

7        10.     Answering paragraph 10 of the FAC, Defendants admits that Apple Norcal is a

8   California limited liability company that operates in Northern California.  As to the remaining

9   allegations set forth in paragraph 10 of the FAC, Defendants aver that the remaining allegations

10  set forth therein are conclusions of law, to which no answer is required.  To the extent any such

11  allegations are not deemed to be conclusions of law, Defendants deny such allegations.  Except as

12  expressly admitted herein, Defendants deny each and every allegation contained within paragraph

13  10 of Plaintiff's FAC.

14       11.     Answering paragraph 11 of the FAC, Defendants deny that either or both, or

15  anyone acting on behalf of either or both, has proximately caused Plaintiff, or any purported class

16  member, any injuries or damages.  Defendants specially deny that Plaintiff should be allowed to

17  bring this action as a collective action and specifically deny that Plaintiff or others are entitled to

18  the relief alleged therein.  As to the allegations contained in paragraph 11 of the FAC regarding

19  the identify of alleged doe defendants, Defendants lack information sufficient to form a belief as to

20  the truth or falsity of the allegations set forth therein, and on that basis, deny those allegations.

21  Defendants further affirmatively aver that Plaintiff may not maintain an action against "Doe"

22  defendants and demand that "Doe" defendants be stricken in accordance with Gillespie v. Civiletti,

23  629 F.2d 637, 642 (9th Cir. 1980).  As to the remaining allegations set forth in paragraph 11 of the

24  FAC, Defendants aver that the remaining allegations set forth therein are conclusions of law, to

25  which no answer is required.  To the extent any such allegations are not deemed to be conclusions

26  of law, Defendants deny such allegations.

27  / / /

28  / / /

-4-

**V.    FACTUAL ALLEGATIONS**

12.    Answering paragraph 12 of the FAC, Defendants deny each and every allegation contained in paragraph 12 of the FAC.

13.    Answering paragraph 13 of the FAC, Defendants deny each and every allegation contained in paragraph 13 of the FAC.

14.    Answering paragraph 14 of the FAC, Defendants deny each and every allegation contained in paragraph 14 of the FAC.  Defendants specifically deny that there are any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

15.    Answering paragraph 15 of the FAC, Defendants admit that Apple American Group operates "Applebee's franchises in California, Nevada and other States" and that Apple Norcal operates "Applebee's franchises in California."   As to the remaining allegations contained in paragraph 15 of the FAC, including the statement that "Defendants are multi-faceted modern business entities with multiple affiliated entities,"  the meaning of this characterization of Defendants business is too vague and ambiguous to set forth a statement of fact such that Defendants lack information sufficient to form a belief as to the truth or falsity of the allegation, and on that basis, deny the allegation.  Except as expressly admitted herein, Defendants deny each and every allegation contained within paragraph 15 of the FAC.

16.    Answering paragraph 16 of the FAC, Defendants admit that Apple American Group operates approximately 189 Applebee's restaurants and, upon information and belief, admits that it operates more Applebee's restaurants than any other Applebee's franchisee in the United States.   Except as expressly admitted herein, Defendants deny each and every allegation contained within paragraph 16 of the FAC.

17.    Answering paragraph 17 of the FAC, Defendants deny each and every allegations contained in paragraph 17 of the FAC.  Defendants specifically deny that there are any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

18.    Answering paragraph 18 of the FAC,  Defendants admit that assistant managers

"typically work shifts of more than eight hours, and that the hours of each individual employee may vary."  Defendants specifically deny that there are any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.  Except as expressly admitted herein, Defendants deny each and every allegation contained within paragraph 18 of the FAC.

19.     Answering paragraph 19 of the FAC, Defendants deny each and every allegation contained in paragraph 19 of the FAC.  Defendants specifically deny that there are any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

20.     Answering paragraph 20 of the FAC, Defendants deny each and every allegation contained in paragraph 20 of the FAC.  Defendants specifically deny that there are any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

21.     Answering paragraph 21 of the FAC, Defendants deny each and every allegation contained in paragraph 21 of the FAC.  Defendants specifically deny that there are any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

22.     Answering paragraph 22 of the FAC, Defendants deny each and every allegation contained in paragraph 22 of the FAC.  Defendants specifically deny that there are any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

23.     Answering paragraph 23 of the FAC, Defendants deny each and every allegation contained in paragraph 23 of the FAC.  Defendants specifically deny that there are any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

24.     Answering paragraph 24 of the FAC, Defendants deny each and every allegation contained in paragraph 24 of the FAC.  Defendants specifically deny that there are any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

1   as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

2       25.     Answering paragraph 25 of the FAC, Defendants deny that their "policies and

3   practices violate California Industrial Welfare Commission ("IWC") Order 5-2001, California

4   Code of Regulations, Title 8, Chapter 5, § 11070; Labor Code §§ 200, 201, 202, 204, 210, 221,

5   226, 226.7, 351, 450, 510, 512, 1194 and 2802; and B&P Code §§ 17200 *et seq.* ("Unfair Business

6   Practices Act")."  As to the remaining allegations set forth in paragraph 25 of the FAC, Defendants

7   aver that the remaining allegations set forth therein are conclusions of law, to which no answer is

8   required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants

9   deny such allegations.

10      26.     Answering paragraph 26 of the FAC, Defendants admit that an attorney has filed a

11  purported class action naming Caesar Oskan as the plaintiff and that the FAC sets forth nine

12  causes of action.  With respect to the remaining allegations contained in paragraph 26 of the FAC,

13  Defendants deny each and every remaining allegation contained in paragraph 26 of the FAC.

14  Defendants specifically deny that there are any "Class Members."  Defendants also specifically

15  deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or

16  others are entitled to the relief alleged therein.  Except as expressly admitted herein, Defendants

17  deny each and every allegation contained within paragraph 26 of Plaintiff's FAC.

18      27.     Answering paragraph 27 of the FAC, Defendants admit that an attorney has filed a

19  purported class action naming Plaintiff Caesar Oskan as the plaintiff and that the FAC contains a

20  prayer for relief.  With respect to the remaining allegations contained in paragraph 27 of the FAC,

21  Defendants deny each and every remaining allegation contained in paragraph 27 of the FAC.

22  Defendants specifically deny that there are any "Class Members."  Defendants also specifically

23  deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or

24  others are entitled to the relief alleged therein.  Except as expressly admitted herein, Defendants

25  deny each and every allegation contained within paragraph 27 of the FAC.

26      28.     Answering paragraph 28, upon information and belief, Defendants admit that

27  Plaintiff attached a copy of a November 20, 2008 letter from the Labor & Workforce Development

28  Agency as Exhibit A to the FAC and that it appears to be in response to a letter from Plaintiff's

1 counsel postmarked October 14, 2008.  As to the remaining allegations set forth in paragraph 28

2 of the FAC, Defendants aver that the remaining allegations set forth therein are conclusions of

3 law, to which no answer is required.  To the extent any such allegations are not deemed to be

4 conclusions of law, Defendants deny such allegations.  Except as expressly admitted herein,

5 Defendants deny each and every allegation contained within paragraph 28 of the FAC.

6       29.     Answering paragraph 29 of the FAC, Defendants deny each and every allegation

7 contained in paragraph 29 of the FAC.  Defendants specifically deny that there are any "Class

8 Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

9 as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

10       30.     As to the allegations set forth in paragraph 30 of the FAC, Defendants aver that the

11 allegations set forth therein are conclusions of law, to which no answer is required.  To the extent

12 any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.

13 **VI.    CLASS ALLEGATIONS**

14       31.     Answering paragraph 31 of the FAC, Defendants admit that an attorney has filed a

15 purported class action naming Plaintiff Caesar Oskan as the plaintiff and that the FAC defines the

16 class that Plaintiff seeks to represent as "all exempt employees of Defendants from October 2004

17 through the present employed under the title of "assistant manager" or a similar title (such as chef)

18 and acting as an assistant manager, at any of the locations operated by the Defendants."  With

19 respect to the remaining allegations contained in paragraph 31 of the FAC, Defendants deny each

20 and every remaining allegation contained in paragraph 31 of the FAC.  Defendants specifically

21 deny that there are any "Class Members."  Defendants also specifically deny that Plaintiff should

22 be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the

23 relief alleged therein.  Defendants further specifically deny that Plaintiff is similarly situated to

24 any current or former employee of Defendants, particularly as Plaintiff has executed a general

25 release of claims releasing some, if not all, of the claims set forth in the FAC in exchange for

26 consideration paid to him by Defendants and has also executed an agreement not to bring a

27 collective action against Defendants.  Except as expressly admitted herein, Defendants deny each

28 and every allegation contained within paragraph 31 of the FAC.

32.     Answering paragraph 32 of the FAC, Defendants admit that an attorney has filed a purported class action naming Plaintiff Caesar Oskan as the plaintiff.  As to the remaining allegations set forth in paragraph 32, and each of its subparts, to the extent that the paragraph and its subparts make any additional factual allegations, Defendants deny such allegations.  With respect to the remaining allegations contained in paragraph 32 of the FAC, and each of its subparts, of the FAC, Defendants deny each and every remaining allegation contained in paragraph 32 of the FAC, and each of its subparts.  Defendants specifically deny that this action may properly be maintained as a class action and that there are any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.  Defendants further specifically deny that Plaintiff is an adequate class representative or that his claims are common or typical, particularly as Plaintiff has executed a general release of claims releasing most, if not all, of the claims set forth in the FAC in exchange for consideration paid to him by Defendants and has also executed an agreement not to bring a collective action against Defendants.  Except as expressly admitted herein, Defendants deny each and every allegation contained within paragraph 32, including its subparts, of the FAC.

In addition, answering specifically the factual allegations set forth in each sub-part:

a.     To the extent that paragraph 32(a) makes any factual allegations, Defendants deny such allegations.

b.     To the extent that paragraph 32(b) makes any factual allegations, Defendants deny such allegations.

i.     To the extent that paragraph 32(b)(i) makes any factual allegations, Defendants deny such allegations.

ii.     To the extent that paragraph 32(b)(ii) makes any factual allegations, Defendants deny such allegations.

iii.     To the extent that paragraph 32(b)(iii) makes any factual allegations, Defendants deny such allegations.

iv.     To the extent that paragraph 32(b)(iv) makes any factual allegations,

CASE NO. 4:08-cv-04722-SBA                    DEFENDANTS/CROSS-COMPLAINANTS' VERIFIED ANSWER TO
                                              FIRST AMENDED COMPLAINT AND COUNTERCLAIM

1   Defendants deny such allegations.

2           v.      To the extent that paragraph 32(b)(v) makes any factual allegations,

3   Defendants deny such allegations.

4           c.      To the extent that paragraph 32(c) makes any factual allegations,

5   Defendants deny such allegations.

6           d.      Defendants do not have sufficient information to admit or deny that

7   "counsel representing Osakan [sic] are competent and experienced in litigating large employment

8   actions," and for that reason, can neither admit or deny this allegation    To the extent that

9   paragraph 32(d) makes any additional factual allegations, Defendants deny such allegations.

10          e.      To the extent that paragraph 32(e) makes any additional factual allegations,

11  Defendants deny such allegations.

12                          **FIRST CAUSE OF ACTION**

13      33.     In response to paragraph 33 of the FAC, Defendants incorporate herein their

14  responses to paragraphs 1 - 32 of the FAC.

15      34.     Answering paragraph 34 of the FAC, Defendants admit that at all relevant times

16  they have been employers covered by the FLSA.  As to the remaining allegations set forth in

17  paragraph 34 of the FAC, Defendants aver that the remaining allegations set forth therein are

18  conclusions of law, to which no answer is required.  To the extent any such allegations are not

19  deemed to be conclusions of law, Defendants deny such allegations.  Except as expressly admitted

20  herein, Defendants deny each and every allegation contained within paragraph 34 of the FAC.

21      35.     Answering paragraph 35 of the FAC,  as to the allegations set forth in paragraph 35

22  of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

23  no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,

24  Defendants deny such allegations.

25      36.     Answering paragraph 36 of the FAC, Defendants admit that Plaintiff worked more

26  than forty hours per workweek on occasion.  As to the remaining allegations set forth in paragraph

27  36, Defendants deny such allegations.  Defendants specifically deny that this action may properly

28  be maintained as a class action and that there are any "Class Members."  Defendants also

1   specifically deny that Plaintiff should be allowed to bring this action as a collective action and that

2   Plaintiff or others are entitled to the relief alleged therein.  Except as expressly admitted herein,

3   Defendants deny each and every allegation contained within paragraph 36, including its subparts,

4   of the FAC.

5       37.     Answering paragraph 37 of the FAC, Defendants deny each and every allegation

6   contained in paragraph 37 of the FAC.  Defendants specifically deny that there are any "Class

7   Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

8   as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

9       38.     Answering paragraph 38 of the FAC,  as to the allegations set forth in paragraph 38

10  of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

11  no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,

12  Defendants deny such allegations.

13      39.     Answering paragraph 39 of the FAC, Defendants admit that an attorney has filed a

14  purported class action naming Plaintiff Caesar Oskan as the plaintiff and that the FAC contains a

15  prayer for relief.  With respect to the remaining allegations contained in paragraph 39 of the FAC,

16  as to the allegations set forth in paragraph 38 of the FAC, Defendants aver that the remaining

17  allegations set forth therein are conclusions of law, to which no answer is required.  To the extent

18  any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.

19  Defendants specifically deny that there are any "Class Members."  Defendants also specifically

20  deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or

21  others are entitled to the relief alleged therein.  Except as expressly admitted herein, Defendants

22  deny each and every allegation contained within paragraph 39 of Plaintiff's FAC.

23      40.     Answering paragraph 40 of the FAC, Defendants admit that an attorney has filed a

24  purported class action naming Plaintiff Caesar Oskan as the plaintiff and that the FAC contains a

25  prayer for relief.  With respect to the remaining allegations contained in paragraph 40 of the FAC,

26  as to the allegations set forth in paragraph 40 of the FAC, Defendants aver that the remaining

27  allegations set forth therein are conclusions of law, to which no answer is required.  To the extent

28  any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.

1   Defendants specifically deny that there are any "Class Members."  Defendants also specifically

2   deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or

3   others are entitled to the relief alleged therein.  Except as expressly admitted herein, Defendants

4   deny each and every allegation contained within paragraph 40 of Plaintiff's FAC.

5                                    **SECOND CAUSE OF ACTION**

6          41.     In response to paragraph 41 of the FAC, Defendants incorporate herein their

7   responses paragraphs 1 – 32 of the FAC.

8          42.     Answering paragraph 42 of the FAC,  as to the allegations set forth in paragraph 42

9   of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

10  no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,

11  Defendants deny such allegations.

12         43.     Answering paragraph 43 of the FAC,  as to the allegations set forth in paragraph 43

13  of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

14  no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,

15  Defendants deny such allegations.

16         44.     Answering paragraph 44 of the FAC, Defendants admit that Plaintiff worked on

17  occasion "in excess of 8 hours in a day and/or worked more than 40 hours in a week."  Defendants

18  specifically deny that this action may properly be maintained as a class action and that there are

19  any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring

20  this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

21  Except as expressly admitted herein, Defendants deny each and every allegation contained within

22  paragraph 44 of the FAC.

23         45.     Answering paragraph 45 of the FAC, Defendants deny each and every allegation

24  contained in paragraph 45 of the FAC.  Defendants specifically deny that there are any "Class

25  Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

26  as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

27         46.     Answering paragraph 46 of the FAC, Defendants deny each and every allegation

28  contained in paragraph 46 of the FAC.  Defendants specifically deny that there are any "Class

CASE NO. 4:08-cv-04722-SBA          DEFENDANTS/CROSS-COMPLAINANTS' VERIFIED ANSWER TO
                                    FIRST AMENDED COMPLAINT AND COUNTERCLAIM

1  Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

2  as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

3        47.     Answering paragraph 47 of the FAC, Defendants deny each and every allegation

4  contained in paragraph 47 of the FAC.  Defendants specifically deny that there are any "Class

5  Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

6  as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

7  **THIRD CAUSE OF ACTION**

8        48.     In response to paragraph 48 of the FAC, Defendants incorporate herein their

9  responses paragraphs 1 – 32 of the FAC.

10        49.     Answering paragraph 49 of the FAC,  as to the allegations set forth in paragraph 49

11  of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

12  no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,

13  Defendants deny such allegations.

14        50.     Answering paragraph 50 of the FAC,  as to the allegations set forth in paragraph 50

15  of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

16  no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,

17  Defendants deny such allegations.

18        51.     Answering paragraph 51 of the FAC,  as to the allegations set forth in paragraph 51

19  of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

20  no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,

21  Defendants deny such allegations.

22        52.     Answering paragraph 52 of the FAC,  as to the allegations set forth in paragraph 52

23  of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

24  no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,

25  Defendants deny such allegations.

26        53.     Answering paragraph 53 of the FAC, Defendants deny each and every allegation

27  contained in paragraph 53 of the FAC.

28        54.     Answering paragraph 54 of the FAC, Defendants deny each and every allegation

1   contained in paragraph 54 of the FAC.  Defendants specifically deny that there are any "Class

2   Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

3   as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

4          55.     Answering paragraph 55 of the FAC, Defendants deny each and every allegation

5   contained in paragraph 55 of the FAC.  Defendants specifically deny that there are any "Class

6   Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

7   as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

8          56.     Answering paragraph 56 of the FAC, Defendants deny each and every allegation

9   contained in paragraph 56 of the FAC.  Defendants specifically deny that there are any "Class

10  Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

11  as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

12         57.     Answering paragraph 57 of the FAC, Defendants deny each and every allegation

13  contained in paragraph 57 of the FAC.  Defendants specifically deny that there are any "Class

14  Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

15  as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

16         58.     Answering paragraph 58 of the FAC, Defendants deny each and every allegation

17  contained in paragraph 58 of the FAC.  Defendants specifically deny that there are any "Class

18  Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

19  as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

20

21                          **FOURTH CAUSE OF ACTION**

22         59.     In response to paragraph 59 of the FAC, Defendants incorporate herein their

23  responses paragraphs 1 – 32 of the FAC.

24         60.     Answering paragraph 60 of the FAC,  as to the allegations set forth in paragraph 60

25  of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

26  no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,

27  Defendants deny such allegations.

28         61.     Answering paragraph 61 of the FAC,  as to the allegations set forth in paragraph 61

1   of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

2   no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,

3   Defendants deny such allegations.

4          62.     Answering paragraph 62 of the FAC, Defendants deny each and every allegation

5   contained in paragraph 62 of the FAC.  Defendants specifically deny that there are any "Class

6   Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

7   as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

8          63.     Answering paragraph 63 of the FAC, Defendants deny each and every allegation

9   contained in paragraph 63 of the FAC.  Defendants specifically deny that there are any "Class

10  Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

11  as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

12         64.     Answering paragraph 64 of the FAC, Defendants deny each and every allegation

13  contained in paragraph 64 of the FAC.  Defendants specifically deny that there are any "Class

14  Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

15  as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

16         65.     Answering paragraph 65 of the FAC, Defendants deny each and every allegation

17  contained in paragraph 65 of the FAC.  Defendants specifically deny that there are any "Class

18  Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

19  as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

20

21                              **FIFTH CAUSE OF ACTION**

22         66.     In response to paragraph 66 of the FAC, Defendants incorporate herein their

23  responses paragraphs 1 – 32 of the FAC.

24         67.     Answering paragraph 67 of the FAC,  as to the allegations set forth in paragraph 67

25  of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

26  no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,

27  Defendants deny such allegations.

28         68.     Answering paragraph 68 of the FAC,  as to the allegations set forth in paragraph 68

-15-

1    of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

2    no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,

3    Defendants deny such allegations.

4        69.    Answering paragraph 69 of the FAC,  as to the allegations set forth in paragraph 69

5    of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

6    no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,

7    Defendants deny such allegations.

8        70.    Answering paragraph 70 of the FAC, Defendants deny each and every allegation

9    contained in paragraph 70 of the FAC.  Defendants specifically deny that there are any "Class

10   Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

11   as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

12       71.    Answering paragraph 71 of the FAC, Defendants deny each and every allegation

13   contained in paragraph 71 of the FAC.  Defendants specifically deny that there are any "Class

14   Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

15   as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

16       72.    Answering paragraph 72 of the FAC, Defendants deny each and every allegation

17   contained in paragraph 72 of the FAC.  Defendants specifically deny that there are any "Class

18   Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

19   as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

20       73.    Answering paragraph 73 of the FAC, Defendants deny each and every allegation

21   contained in paragraph 73 of the FAC.  Defendants specifically deny that there are any "Class

22   Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

23   as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

24       74.    Answering paragraph 74 of the FAC, Defendants deny each and every allegation

25   contained in paragraph 74 of the FAC.  Defendants specifically deny that there are any "Class

26   Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action

27   as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

28

**SIXTH CAUSE OF ACTION**

75.     In response to paragraph 75 of the FAC, Defendants incorporate herein their responses paragraphs 1 – 32 of the FAC.

76.     Answering paragraph 76 of the FAC,  as to the allegations set forth in paragraph 76 of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.

77.     Answering paragraph 77 of the FAC, Defendants deny each and every allegation contained in paragraph 77 of the FAC.  Defendants specifically deny that there are any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

78.     Answering paragraph 78 of the FAC,  as to the allegations set forth in paragraph 78 of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.

79.     Answering paragraph 79 of the FAC, Defendants deny each and every allegation contained in paragraph 79 of the FAC.  Defendants specifically deny that there are any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

80.     Answering paragraph 80, upon information and belief, Defendants admit that Plaintiff attached a copy of a November 20, 2008 letter from the Labor & Workforce Development Agency as Exhibit A to the FAC and that it appears to be in response to a letter from Plaintiff's counsel postmarked October 14, 2008.  As to the remaining allegations set forth in paragraph 80 of the FAC, Defendants aver that the remaining allegations set forth therein are conclusions of law, to which no answer is required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.  Except as expressly admitted herein, Defendants deny each and every allegation contained within paragraph 80 of the FAC.

81.     Answering paragraph 81 of the FAC,  as to the allegations set forth in paragraph 81

-17-

1   of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which
2   no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,
3   Defendants deny such allegations.

4          82.    Answering paragraph 82 of the FAC, Defendants deny each and every allegation
5   contained in paragraph 82 of the FAC.  Defendants specifically deny that there are any "Class
6   Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action
7   as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

8   **SEVENTH CAUSE OF ACTION**

9          83.    In response to paragraph 83 of the FAC, Defendants incorporate herein their
10  responses paragraphs 1 – 32 of the FAC.

11         84.    Answering paragraph 84 of the FAC,  as to the allegations set forth in paragraph 84
12  of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which
13  no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,
14  Defendants deny such allegations.

15         85.    Answering paragraph 85 of the FAC,  as to the allegations set forth in paragraph 85
16  of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which
17  no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,
18  Defendants deny such allegations.

19         86.    Answering paragraph 86 of the FAC,  as to the allegations set forth in paragraph 86
20  of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which
21  no answer is required.  To the extent any such allegations are not deemed to be conclusions of law,
22  Defendants deny such allegations.

23         87.    Answering paragraph 87 of the FAC, Defendants deny each and every allegation
24  contained in paragraph 87 of the FAC.  Defendants specifically deny that there are any "Class
25  Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action
26  as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

27         88.    Answering paragraph 88 of the FAC, Defendants deny each and every allegation
28  contained in paragraph 88 of the FAC.  Defendants specifically deny that there are any "Class

1 Members." Defendants also specifically deny that Plaintiff should be allowed to bring this action

2 as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

3       89.     Answering paragraph 89 of the FAC, Defendants deny each and every allegation

4 contained in paragraph 89 of the FAC. Defendants specifically deny that there are any "Class

5 Members." Defendants also specifically deny that Plaintiff should be allowed to bring this action

6 as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

7 **EIGHTH CAUSE OF ACTION**

8       90.     In response to paragraph 90 of the FAC, Defendants incorporate herein their

9 responses paragraphs 1 – 32 of the FAC.

10       91.     Answering paragraph 91 of the FAC, as to the allegations set forth in paragraph 91

11 of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

12 no answer is required. To the extent any such allegations are not deemed to be conclusions of law,

13 Defendants deny such allegations.

14       92.     Answering paragraph 92 of the FAC, as to the allegations set forth in paragraph 92

15 of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

16 no answer is required. To the extent any such allegations are not deemed to be conclusions of law,

17 Defendants deny such allegations.

18       93.     Answering paragraph 93 of the FAC, Defendants deny each and every allegation

19 contained in paragraph 93 of the FAC. Defendants specifically deny that there are any "Class

20 Members." Defendants also specifically deny that Plaintiff should be allowed to bring this action

21 as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

22 **NINTH CAUSE OF ACTION**

23       94.     In response to paragraph 94 of the FAC, Defendants incorporate herein their

24 responses paragraphs 1 – 32 of the FAC.

25       95.     Answering paragraph 95 of the FAC, as to the allegations set forth in paragraph 95

26 of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which

27 no answer is required. To the extent any such allegations are not deemed to be conclusions of law,

28 Defendants deny such allegations.

96.     Answering paragraph 96 of the FAC,  as to the allegations set forth in paragraph 96 of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.

97.     Answering paragraph 97 of the FAC,  as to the allegations set forth in paragraph 97 of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.

98.     Answering paragraph 98 of the FAC,  as to the allegations set forth in paragraph 98 of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.

99.     Answering paragraph 99 of the FAC,  as to the allegations set forth in paragraph 99 of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.

100.    Answering paragraph 100 of the FAC,  as to the allegations set forth in paragraph 100 of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.

101.    Answering paragraph 101 of the FAC,  as to the allegations set forth in paragraph 101 of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.  Defendants specifically deny that Plaintiff is similarly situated to any current or former employee of Defendants, particularly as Plaintiff has executed a general release of claims releasing some, if not all, of the claims set forth in the FAC in exchange for consideration paid to him by Defendants and has also executed an agreement not to bring a collective action against Defendants.

-20-

102.     Answering paragraph 102 of the FAC, Defendants deny each and every allegation contained in paragraph 102 of the FAC, including each sub-part thereto.

103.     Answering paragraph 103 of the FAC,  as to the allegations set forth in paragraph 99 of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.

104.     Answering paragraph 104 of the FAC,  Defendants deny each and every allegation contained in paragraph 104.  Defendants specifically deny that there are any "Class Members." Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.  Defendants further specifically deny that Plaintiff is similarly situated to any current or former employee of Defendants, particularly as Plaintiff has executed a general release of claims releasing some, if not all, of the claims set forth in the FAC in exchange for consideration paid to him by Defendants and has also executed an agreement not to bring a collective action against Defendants.

105.     Answering paragraph 105 of the FAC, Defendants deny each and every allegation contained in paragraph 105 of the FAC.

106.     Answering paragraph 106 of the FAC,  Defendants deny each and every allegation contained in paragraph 106.  Defendants specifically deny that there are any "Class Members." Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

107.     Answering paragraph 107 of the FAC,  Defendants deny each and every allegation contained in paragraph 107.  Defendants specifically deny that there are any "Class Members." Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

108.     Answering paragraph 108 of the FAC,  Defendants deny each and every allegation contained in paragraph 108.  Defendants specifically deny that there are any "Class Members." Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

109.   Answering paragraph 109 of the FAC,  Defendants deny each and every allegation contained in paragraph 109.

110.   Answering paragraph 110 of the FAC,  as to the allegations set forth in paragraph 110 of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.  Defendants specifically deny that there are any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

111.   Answering paragraph 111 of the FAC,  as to the allegations set forth in paragraph 111 of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.  Defendants specifically deny that there are any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

112.   Answering paragraph 112 of the FAC,  as to the allegations set forth in paragraph 112 of the FAC, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.  Defendants specifically deny that there are any "Class Members."  Defendants also specifically deny that Plaintiff should be allowed to bring this action as a collective action and that Plaintiff or others are entitled to the relief alleged therein.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief sought against Defendants in the Prayer, or to any relief whatsoever, on Plaintiff's behalf individually or on behalf of the alleged putative class or collective action members he purports to represent, the existence of which is expressly denied.

**DEFENSES**

113.   Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial.  The

1    defenses stated herein are based on Defendants' knowledge, information, and belief at this time,

2    and Defendants specifically reserve the right to modify, amend, or supplement any defenses

3    contained herein at any time.

4                            **FIRST AFFIRMATIVE DEFENSE**

5                              **(Failure to State a Cause of Action)**

6            114.    As a separate and affirmative defense to Plaintiff's FAC and each cause of action

7    therein, Defendants allege that Plaintiff has failed to state facts sufficient to constitute a cause of

8    action upon which relief can be granted.

9                            **SECOND AFFIRMATIVE DEFENSE**

10                              **(No Willful Violation)**

11           115.    As a separate and affirmative defense to Plaintiff's FAC and each cause of action

12   therein, Defendants contend that if Defendants are found to have failed to pay Plaintiff, and each

13   putative member of the group he purports to represent, any amount(s) due, which allegations

14   Defendants deny, such failure to pay was not willful within the meaning of the California Labor

15   Code or the Fair Labor Standards Act because Defendants acted at all times on the basis of a good

16   faith and reasonable belief that they had complied fully with California and federal wage and hour

17   laws.

18                            **THIRD AFFIRMATIVE DEFENSE**

19                              **(Statutes of Limitations)**

20           116.    As a separate and affirmative defense to Plaintiff's FAC and each cause of action

21   therein, Defendants allege that each cause of action is barred by any and all applicable statutes of

22   limitations.

23                            **FOURTH AFFIRMATIVE DEFENSE**

24                              **(Release and Waiver)**

25           117.    As a separate and affirmative defense to Plaintiff's FAC and each cause of action

26   therein, Defendants allege that Plaintiff is barred from asserting and may not recover on any cause

27   of action against Defendants because Plaintiff signed a valid and enforceable release and waiver of

28   all claims against Defendants and, to the extent any putative member of the group Plaintiff

CASE NO. 4:08-cv-04722-SBA            DEFENDANTS/CROSS-COMPLAINANTS' VERIFIED ANSWER TO
                                      FIRST AMENDED COMPLAINT AND COUNTERCLAIM

1  purports to represent also signed a release and waiver, he or she too is barred from asserting and

2  may not recover on any cause of action against Defendants.  The claims of Plaintiff and certain

3  members of the purported collective action are barred in whole or in part because such claims have

4  been waived, discharged, abandoned, and/or released.

5  **FIFTH AFFIRMATIVE DEFENSE**

6  **(Waiver and Estoppel)**

7  118.    As a separate and affirmative defense to Plaintiff's FAC and each cause of action

8  therein, Defendants allege that Plaintiff has waived and is estopped from asserting, in whole or in

9  part, each cause of action upon which he seeks relief.

10  **SIXTH AFFIRMATIVE DEFENSE**

11  **(Not Appropriate for Class Action)**

12  119.    As a separate and affirmative defense to Plaintiff's FAC and each cause of action

13  therein, Defendants allege that Plaintiff cannot satisfy any of prerequisites for a collective action

14  or class certification as to any cause of action and, therefore, cannot represent the interests of

15  others.

16  **SEVENTH AFFIRMATIVE DEFENSE**

17  **(Entitlement to Exemption from Overtime Requirements)**

18  120.    As a separate and affirmative defense to Plaintiff's FAC and each cause of action

19  therein, Defendants allege that at all times mentioned in the FAC, Plaintiff was not and is not

20  entitled to overtime pay because he and the members of the putative group that he purports to

21  represent, were, at all times material to the FAC, properly classified as exempt from overtime and

22  related wage-and-hour laws, including but not necessarily limited to, the Fair Labor Standards

23  Act, the California Industrial Welfare Commission Orders and the California Labor Code.

24  **EIGHTH AFFIRMATIVE DEFENSE**

25  **(Accord and Satisfaction)**

26  121.    As a separate and affirmative defense to Plaintiff's FAC and each cause of action

27  therein, Defendants allege that Plaintiff's claims, and the claims of each putative member of the

28  group he purports to represent, are barred in whole or in part by the principles of accord and

-24-

DEFENDANTS/CROSS-COMPLAINANTS' VERIFIED ANSWER TO
                                                      FIRST AMENDED COMPLAINT AND COUNTERCLAIM

1  satisfaction, and payment.

2  **NINTH AFFIRMATIVE DEFENSE**

3  **(Predominance of Individual Issues)**

4  122.   As a separate and affirmative defense to Plaintiff's FAC and each cause of action

5  therein, Defendants allege that the types of claims alleged by Plaintiff on behalf of himself and the

6  alleged class, the existence of which is expressly denied, are matters in which individual questions

7  predominate and, accordingly, are not appropriate for class or collective treatment.

8  **TENTH AFFIRMATIVE DEFENSE**

9  **(Lack of Commonality/Typicality/Numerosity; Inadequate Class Representative)**

10  123.   As a separate and affirmative defense to Plaintiff's FAC and each cause of action

11  therein, Defendants allege (a) that the claims alleged by Plaintiff are neither common to nor

12  typical of those, if any, of the alleged group that Plaintiff purports to represent, the existence of

13  which is expressly denied, (b) that there is an insufficient number of members of the alleged group

14  which Plaintiff purports to represent to justify and/or authorize a class action, and (c) that Plaintiff

15  is not similarly situated to other potential members of the alleged group he purports to represent,

16  and Plaintiff is an inadequate representative for such group.

17  **ELEVENTH AFFIRMATIVE DEFENSE**

18  **(Due Process)**

19  124.   As a separate and affirmative defense to Plaintiff's FAC and each cause of action

20  therein, Defendants allege that certification of a class or maintenance of a collective/representative

21  action, based upon the facts and circumstances of this case, would constitute a denial of

22  Defendants' due process rights in violation of the Fourteenth Amendment and the California

23  Constitution.

24  **TWELFTH AFFIRMATIVE DEFENSE**

25  **(Unclean Hand/Laches)**

26  125.   As a separate and affirmative defense to Plaintiff's FAC and each cause of action

27  therein, Defendants allege that each cause of action is barred, in whole or in part, by the doctrine

28  of unclean hands and/or laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

126.   As a separate and affirmative defense to Plaintiff's FAC and each cause of action therein, Defendants allege that the named Plaintiff lacks standing to bring these claims against Defendants and/or to assert the legal rights or interests of others.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Conduct Not "Unfair")**

127.   As a separate and affirmative defense to Plaintiff's FAC and each cause of action therein, Defendants allege that its alleged conduct toward Plaintiff and/or the members of the purported group he seeks to represent is not "unfair" within the meaning of California Business and Professions Code section 17200.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Conduct Not "Unlawful")**

128.   As a separate and affirmative defense to Plaintiff's FAC and each cause of action therein, Defendants allege that its alleged conduct toward Plaintiff and/or the members of the purported group he seeks to represent is not "unlawful" within the meaning of California Business and Professions Code section 17200 or any other state or federal law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Conduct Not "Fraudulent" Nor "Likely to Mislead")**

129.   As a separate and affirmative defense to Plaintiff's FAC and each cause of action therein, Defendants allege that its alleged conduct toward Plaintiff and/or the members of the purported group he seeks to represent is, and was, not likely to mislead the public and is not "fraudulent" within the meaning of California Business and Professions Code section 17200 or any other state or federal law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

130.   As a separate and affirmative defense to Plaintiff's FAC and each cause of action therein, Defendants allege that Plaintiff's sought after injunctive and restitution remedies, are

DEFENDANTS/CROSS-COMPLAINANTS' VERIFIED ANSWER TO
FIRST AMENDED COMPLAINT AND COUNTERCLAIM

1   barred in light of the fact that Plaintiff has an adequate remedy at law.

2   **EIGHTEENTH AFFIRMATIVE DEFENSE**

3   **(Failure to Exhaust Remedies)**

4   131.   As a separate and affirmative defense to Plaintiff's FAC and each cause of action

5   therein, Defendants allege that Plaintiff has failed to exhaust his internal and/or administrative

6   remedies.

7   **NINETEENTH AFFIRMATIVE DEFENSE**

8   **(Setoff and Recoupment)**

9   132.   As a separate and affirmative defense to Plaintiff's FAC and each cause of action

10  therein, Defendants allege that if any damages have been sustained by Plaintiff and/or the class he

11  purports to represent, although such damages are specifically denied, Defendants are entitled

12  under the equitable doctrine of setoff and recoupment to offset all obligations of Plaintiff or

13  putative class members owed to Defendants against any judgment that may be entered against

14  Defendants.

15  **TWENTIETH AFFIRMATIVE DEFENSE**

16  **(Superiority)**

17  133.   As a separate and affirmative defense to Plaintiff's FAC and each cause of action

18  therein, Defendants allege that a class is not maintainable for, among other reasons, failure to

19  satisfy the requirements of superiority.

20  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

21  **(Uncertainty)**

22  134.   As a separate and affirmative defense to Plaintiff's FAC and each cause of action

23  therein, Defendants allege that Plaintiff's claims, and the claims of each putative member of the

24  group he purports to represent, are barred in whole or in part because the FAC is uncertain in that

25  the purported collective action definition is ambiguous and conclusory.

26  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

27  **(Good Faith)**

28  135.   As a separate and affirmative defense to Plaintiff's FAC and each cause of action

-27-

1  therein, Defendants contend that if Defendants are found to have failed to pay Plaintiff, and each

2  putative member of the group he purports to represent, overtime wages, if at all, was in good faith

3  in conformity with and in reliance on an administrative regulation, order, ruling, approval,

4  interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division

5  of the United States Department of Labor, California's Industrial Welfare Commission,

6  California's Division of Labor Standards and Enforcement, and other federal and state authorities.

7  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

8  **(Failure to Mitigate)**

9      136.    As a separate and affirmative defense to Plaintiff's FAC and each cause of action

10  therein, Defendants allege that Plaintiff's monetary claims, and the monetary claims of each

11  putative member of the group he purports to represent, are barred in whole or in part because they

12  have not appropriately or adequately mitigated their damages, if any.

13  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

14  **(Not the Employer)**

15      137.    As a separate and affirmative defense to Plaintiff's FAC and each cause of action

16  therein, Defendants allege that they were not at all times the employer of Plaintiff and the putative

17  members of the collective action defined in the FAC.

18  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

19  **(Inapplicability of Meal Period Requirements)**

20      138.    California's meal period requirements do not apply to Plaintiff to the extent

21  Plaintiff, or any missed meal period, if any, falls within the exemptions, exceptions, and

22  exclusions under California wage and hour law, including, but not limited to, applicable Industrial

23  Welfare Commission Wage Orders.

24  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

25  **(Waiting Time Penalties)**

26      139.    The claims for waiting time penalties should be denied because the Complaint does

27  not seek damages on which waiting time penalties can be recovered.

28

1

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

2

**(No Willful Failure to Pay)**

3

140.    Plaintiff cannot recover waiting time penalties because any alleged failure to pay

4

wages was based on a good faith dispute regarding the applicable law or facts.

5

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

6

**(Failure to Return To Office For Payment of Wages)**

7

141.    The claims for waiting time penalties should be denied because Plaintiff failed to

8

return to the office in which he worked for payment of wages as required by the Labor Code,

9

including Section 208 thereto.

10

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

11

**(Authorization for Meal Periods)**

12

142.    Defendant authorized and provided Plaintiff the opportunity to take his meal

13

periods in accordance with applicable law.

14

**RESERVATION OF RIGHTS**

15

Defendants reserve the right to assert such additional affirmative defenses that may appear

16

and prove applicable during the course of this litigation.

17

WHEREFORE, Defendants pray for the following:

18

1.    That Plaintiff take nothing by this action;

19

2.    That judgment be entered in favor of Defendants and against Plaintiff;

20

3.    That Defendants be awarded its cost of suit;

21

4.    That Defendants be awarded their reasonable attorneys' fees incurred in having to

22

defend against this action; and

23

5.    That such other and further relief may be granted in favor of Defendants as the

24

Court deems just and proper.

25

26

27

28

CASE NO. 4:08-cv-04722-SBA    DEFENDANTS/CROSS-COMPLAINANTS' VERIFIED ANSWER TO
FIRST AMENDED COMPLAINT AND COUNTERCLAIM

## COUNTERCLAIM FOR BREACH OF CONTRACT

## ON BEHALF OF ALL DEFENDANTS

**STATEMENT OF JURISDICTION**

143.     Apple American Group LLC ("the Company") and Apple NorCal LLC's (hereinafter collectively referred to as "Defendants/Counter-Claimants") counterclaim for breach of contract arises out of Cesar Oskan's (hereinafter referred to as "Plaintiff/Counter-Defendant") filing the underlying lawsuit, which he is precluded from doing, in whole or in part, pursuant to contract.  This Court has supplemental jurisdiction over this counterclaim pursuant to 28 USC § 1367(a).

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

### Against Cross-Defendant Cesar Oskan

144.     On November 20, 2008, Plaintiff/Cross-Defendant Cesar Oskan and Defendant/Cross-Complainant Apple American Group LLC entered into a negotiated Settlement Agreement and Release (the "Release Agreement") in which, in exchange for a payment of Three Thousand Dollars ($3,000.00), Plaintiff/Cross-Defendant Cesar Oskan agreed to release "the Company and its affiliated companies . . . from any and all claims, demands, damages, actions or causes of action, suits, charge or complaints, at law or in equity, of whatsoever kind or nature . . . from the beginning of time up to the Effective Date of this Release. . . ."  A copy of the Release Agreement is attached hereto as Exhibit 1.

145.  Defendant/Counter-Claimant Apple NorCal, LLC is an affiliated company of Apple American Group, LLC.

146.     The Release Agreement also provides that the claims Plaintiff/Cross-Defendant Cesar Oskan is releasing include, but are not limited to, claims that could be brought against Defendants/Cross-Complainants under the California Labor Code and California Business & Professions Code Section 17200 and claims for back pay, vacation pay, bonus, and all employee

-30-

DEFENDANTS/CROSS-COMPLAINANTS' VERIFIED ANSWER TO
FIRST AMENDED COMPLAINT AND COUNTERCLAIM

1    benefits and claims for money.

2        147.    Pursuant to the Release Agreement, Plaintiff/Cross-Defendant also promises not to

3    "directly or indirectly institute or initiate any proceedings, claims or actions against the Company

4    or its affiliated companies . . . relating to or arising out of or in any way connected with any acts or

5    omissions of the Company or its affiliated companies . . . which have occurred prior to and

6    including the date hereof."

7        148.    The Release Agreement further provides that Plaintiff/Cross-Defendant "expressly

8    waives any and all rights and benefits conferred upon [Plaintiff/Cross Defendant] by the

9    provisions of Section 1542 of the California Civil Code or by the statutes or common law of any

10   jurisdiction which have the same effect as the provisions of Section 1542 which reads:

11
12           A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH  THE
             CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
             FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN
13           BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER
             SETTLEMENT WITH THE DEBTOR.
14
             [Plaintiff/Cross-Defendant] assumes all risks attendant to release of claims
15           previously or hereafter arising which are unknown, unforeseen or latent.
             [Plaintiff/Cross-Defendant] understands and acknowledges the significance and
16           consequences of such a specific waiver of the protections of Section 1542 or of
             other statutes or common law having the same effect as Section 1542."
17

18       149.    On November 20, 2008, Plaintiff/Cross Defendant was paid $3,000 as

19   consideration pursuant to the terms set forth in the Release Agreement.

20       150.    On October 14, 2008, Plaintiff/Cross-Defendant's counsel filed a Class Action

21   Complaint and Demand for Jury  against Defendants.  On December 23, 2008,

22   Plaintiff/Cross-Defendant's counsel filed a First Amended Class Action Complaint and Demand

23   for Jury against Defendants/Cross-Complainants.  Defendants/Cross-Complainants were not

24   served with a copy of the original Complaint, but both were served with a copy of the First

25   Amended Complaint in January of 2009.  Both Complaints allege one cause of action for failure to

26   pay overtime under the Fair Labor Standards Act ("FLSA") and eight separate causes of action

27   under California state law.  The state law claims include:  (1) failure to pay all overtime earned for

28   hours worked in violation of Labor Code §§510 and 1194 and IWC Wage Orders; (2) failure to

1    provide meal periods in violation of Labor Code §§226.7 and 512 and IWC Wage Orders;

2    (3) failure to pay wages for all hours worked in violation of Labor Code §§201, 202 and 203;

3    (4) waiting time penalties under Labor Code §§ 201, 202 and 203; (5) violation of Labor Code §§

4    204 and 210; (6) failure to provide an itemized wage statement in violation of Labor Code § 226;

5    (7) civil penalties under Labor Code § 558; and (8) unlawful, unfair and fraudulent business

6    practices in violation of California B&P Code §§17200 and 17203 *et seq*.

7         151.   By filing and/or maintaining the instant action, Plaintiff/Cross-Defendant violated

8    his Release Agreement with Defendants/Cross-Complainants.

9         152.   As a direct result of Plaintiff/Cross-Defendant's breach of the Release Agreement,

10   Defendants/Cross-Complainants have suffered, and will continue to suffer, damages, including but

11   not limited to, attorneys' fees, disbursements, and litigation costs required to defend this action.

12   Defendants/Cross-Complainants will incur additional damages in opposing Plaintiff/Cross-

13   Defendant's efforts to certify a collective action at a later stage in these proceedings.

14   **WHEREFORE**, Defendants/Cross-Complainants demand damages for Plaintiff/Cross-

15   Defendant's breach of the Release Agreement in an amount to be determined by motion or at trial,

16   as well as an Order enforcing the Release Agreement and enjoining Plaintiff/Cross-Defendant

17   from seeking to proceed on his previously released claims.

18

19   Dated: June 5, 2009                    VILLARREAL HUTNER PC

20

21

22                                    By _____
                                          TRACY S. TODD
23                                        LARA VILLARREAL HUTNER
                                          Attorneys for Defendants and Cross-Complainants
24                                        APPLE AMERICAN GROUP LLC and
                                          APPLE NORCAL LLC
25

26

27

28

CASE NO. 4:08-cv-04722-SBA          DEFENDANTS/CROSS-COMPLAINANTS' VERIFIED ANSWER TO
                                    FIRST AMENDED COMPLAINT AND COUNTERCLAIM

# EXHIBIT A

<u>SETTLEMENT AGREEMENT AND RELEASE</u>

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered into on the dates written below, by and between CAESAR OSKAN (also referred to as Caesar Osakan) ("Employee") and APPLE AMERICAN GROUP LLC ("Company").

WHEREAS, Employee was employed by the Company from March 6, 2007 through the cessation of his employment effective, October 16, 2007 ("Effective Date of Separation");

NOW THEREFORE, in consideration of the mutual and reciprocal obligations and undertakings hereinafter set forth, Employee and the Company agree:

ARTICLE I
CONSIDERATION

Section 1.1.    <u>Consideration.</u>   In return for Employee's covenants and obligations hereunder. the Company shall pay Employee – Three Thousand dollars ($3,000.00)

Section 1.2.    <u>Sufficiency of Consideration.</u>   Employee acknowledges that he is receiving consideration for his release of claims and other promises under the terms and conditions of this Agreement to which he is not otherwise entitled and that such is sufficient and adequate consideration for his release of any and all common law and/or statutory law claims he may have, if any.

ARTICLE II
RELEASES

Section 2.1.    <u>Employee's Release.</u>   In consideration of the promises and agreements set forth herein, including but not limited to the consideration set forth in Article I, Employee does hereby for himself and for his heirs, executors, administrators, legal representatives, successors and assigns, release and forever discharge the Company and its affiliated companies and their respective directors, officers, employees, representatives, attorneys, and agents of and from any and all claims, demands, damages, actions or causes of action, suits, charges or complaints, at law or in equity, of whatsoever kind or nature, including but not limited to any alleged violation of any state or federal anti-discrimination statutes or regulations, including but not limited to the Age Discrimination in Employment Act, the Older Workers' Benefit Protection Act, the Fair Labor Standards Act, Title VII of the Civil Rights Act, the Americans With Disabilities Act, Ohio's Civil Rights Commission and Human Relations Act(s). Ohio's wage payment statute, Ohio Revised Code Sections 4112.02, 4112.02(N), 4112.05, 4112.14 and 4112.99, the California Fair Employment and Housing Act, the California Labor Code, California Business & Professions Code Section 17200, breach of any express or implied contract or promise, wrongful discharge, violation of public policy, defamation or tort claims, all demands for attorney's fees, back pay, vacation pay, group insurance, bonus, any claims for reinstatement, all employee benefits and claims for money, out of pocket expenses, any claims for emotional distress, degradation, reputation, humiliation, compensatory or punitive damages that Employee might now have or may subsequently have, whether known or unknown, suspected or unsuspected, by reason of any matter or thing, arising out of or in any way

1

connected with directly or indirectly any actions or omissions of the Company or its affiliated companies or their respective directors, officers, employees, representatives or agents arising from the beginning of time up to the Effective Date of this Release, *except* as specifically set forth in this Agreement, and excluding claims for unemployment compensation benefits, workers' compensation benefits, statutory indemnification, and other claims that legally may not be waived.

Employee expressly waives any and all rights and benefits conferred upon Employee by the provisions of Section 1542 of the California Civil Code or by the statutes or common law of any jurisdiction which have the same effect as the provisions of Section 1542 which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Employee assumes all risks attendant to release of claims previously or hereafter arising which are unknown, unforeseen or latent. Employee understands and acknowledges the significance and consequences of such a specific waiver of the protections of Section 1542 or of other statutes or common law having the same effect as Section 1542.

Section 2.2.   Denial of Liability. The Company, on behalf of itself, its affiliated companies and their respective directors, officers, employees, representatives, attorneys and agents denies any liability to Employee and Employee agrees that nothing contained within this Agreement shall be considered to constitute or be construed or interpreted or admissible as an admission by the Company or its affiliated companies of any liability of whatsoever kind or nature.

Section 2.3.   Covenant Not to Sue. Employee shall not directly or indirectly institute or initiate any proceedings, claims or actions against the Company or its affiliated companies or their respective directors, officers, employees, representatives, attorneys or agents relating to or arising out of or in any way connected with any acts or omissions of the Company or its affiliated companies or their respective directors, officers, employees, representatives or agents which have occurred prior to and including the date hereof.

### ARTICLE III
### PROMISES AS TO CONFIDENTIALITY AND NON-DISPARAGEMENT

Section 3.1.   Confidentiality. Employee agrees that the matters leading up to and the terms and conditions of this Agreement shall not, directly or indirectly, be revealed, discussed or otherwise disclosed by him in any fashion to any person, corporation or entity, except to Employee's immediate family, professionals rendering tax or legal advice to him or as required by law.

Section 3.2.   Non-Disparagement. Employee agrees that he shall not criticize, disparage, defame or otherwise sully the Company's or its affiliated companies' reputations (or that of their respective directors, officers, employees, representatives, attorneys or agents) in any

2

way. including, without limitation, through any of his communications with other individuals, companies, associations or the media.

## ARTICLE IV
## EMPLOYEE'S RIGHTS AND ACKNOWLEDGMENTS

Section 4.1.   Right to Counsel.  Employee acknowledges and agrees that he has been advised that he has the right to seek counsel of his choice and to review the terms and conditions of this Agreement and his Release with counsel.

Section 4.2.   Consideration Period/Presentation of Agreement.   Employee acknowledges that he has the right to consider the meaning and effect of this Agreement and his release of claims for a period of up to seven (7) days ("Consideration Period") following the date upon which this Agreement is presented to him for his consideration.  Employee acknowledges that this Agreement was presented to him for his review no later than November 21, 2008. Employee further acknowledges that the Company has afforded him not less than seven (7) calendar days in which to consider this Agreement to insure that Employee's execution of this Agreement is knowing and voluntary.  In signing below, Employee expressly acknowledges that he has had at least seven (7) days to consider this Agreement and that his execution of same is with full knowledge of the consequences thereof and is of his own free will.

Furthermore, notwithstanding the fact that the Company has allowed Employee seven (7) days to consider this Agreement, in the event Employee elects to execute this Agreement prior to the end of such 7 day period, by his signature below, Employee represents, acknowledges and agrees that his decision to accept this shortening of the time was knowing and voluntary and was not induced by fraud, misrepresentation, or any threat to withdraw or alter the benefits provided by the Company herein, or by the Company providing different terms to any similarly-situated employee executing this Agreement prior to end of such 7-day consideration period.  In signing below, Employee expressly acknowledges that his execution of same is with full knowledge of the consequences thereof and is of his own free will.

Section 4.3.   Acknowledgments.  Employee acknowledges that: (1) he has been specifically advised that by signing this Agreement he is forever giving up his legal rights to sue the Company for the subject matters of this Release; (2) he has carefully read and fully understands all of the provisions of this Agreement; (3) he has not relied on any representations of the Company or any of its directors, officers, employees, representatives or agents to induce him to enter into this Agreement, other than as specifically set forth herein; (4) he is fully competent to enter into this Agreement; (5) he has not been pressured, coerced or otherwise unduly influenced to enter into this Agreement; and (6) he voluntarily entered into this Agreement of his own free will.

## ARTICLE V
## GENERAL CONDITIONS

Section 5.1.   Entire Agreement.  This Agreement contains the entire agreement between the parties hereto and replaces any and all prior agreements, contracts and/or promises, whether written or oral, with respect to the subject matters included herein.  This Agreement may not be changed orally, but only in writing, signed by each of the parties hereto.  This Agreement and any disputes arising hereunder shall be governed by the laws of the State of Ohio.

Section 5.2.   Effective Date of Agreement.   The terms and conditions of this Agreement shall only become effective and enforceable on the date of signature

**IN WITNESS WHEREOF, CAESAR OSKAN** and **APPLE AMERICAN GROUP LLC,** each intending to be legally bound and duly authorized in the premises have executed this Agreement consisting of four (4) pages on the dates written below.

WITNESSES:

_____

_____11/20/08_____

_____

_____

_____
Caesar Oskan

DATE:  __11/20/08_____

**APPLE AMERICAN GROUP LLC**

BY:  __James Gamelingin_____

DATE:  __11/19/08_____

After signing this Agreement & Release please mail or fax to:

Scott Steinmetz, Apple American Group LLC.
6200 Oak Tree Blvd, Suite 250
Independence, OH 44131

Fax number: 216-328-1868

4