APPLE AMERICAN GROUP, LLC and
APPLE NORCAL, LLC
MELISSA L. GRIFFIN, ESQ., Cal. Bar No. 235942
E-Mail: mgriffin@appleamerican.com
225 Bush Street, Suite 1470
San Francisco, California  94104
Telephone: 415.835.0226
Facsimile: 415.835.0222

Attorney for Defendants and Cross-Complainants
APPLE AMERICAN GROUP, LLC and
APPLE NORCAL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| CAESAR OSAKAN, individually, on behalf of all other similarly situated persons, and on behalf of the California Labor and Workforce Development Agency and the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE AMERICAN GROUP, LLC; APPLE NORCAL, LLC; and DOES 1-20,<br><br>Defendants.<br><br>APPLE AMERICAN GROUP, LLC; APPLE NORCAL, LLC,<br><br>Cross-Complainants,<br><br>v.<br><br>CAESAR OSKAN,<br><br>Cross-Defendant. | CASE NO. 4:08-cv-04722-SBA<br><br>**DEFENDANTS APPLE AMERICAN GROUP, LLC and APPLE NORCAL, LLC's OPPOSITION TO PLAINTIFF CAESAR OSKAN'S EX PARTE APPLICATION TO MODIFY THE CASE MANAGEMENT ORDER ISSUED ON JUNE 17, 2009**<br><br>**Date:**<br>**Time:**<br>**Judge: Hon, Saundra Brown Armstrong**<br><br>**Trial Date: July 12, 2010** |

-1-

CASE NO. 4:08-cv-04722-SBA   DEFENDANTS APPLE AMERICAN GROUP LLC and APPLE NORCAL, LLC's OPPOSITION TO PLAINTIFF CAESAR OSKAN'S EX PARTE APPLICATION TO MODIFY THE CASE MANAGEMENT ORDER ISSUED ON JUNE 17, 2009

| | | | |
|---|---|---|---|
| I. | STATEMENT OF THE ISUES TO BE DECIDED | | 3 |
| II. | INTRODUCTION | | 4 |
| III. | STATEMENT OF FACTS | | 5 |
| | A. | The lawsuit | 5 |
| | B. | The Rule 16 Conference and Order for Pretrial Preparation | 6 |
| | C. | The parties engage in discovery | 6 |
| | | 1. It was clear from the beginning that the parties fundamentally disagreed on the proper scope of discovery. | 6 |
| | | 2. Defendants complied in good faith with the Court's request asking the parties to further meet and confer. | 8 |
| | | 3. Plaintiff's serial "unavailability" compromised his ability to conduct deposition. | 9 |
| | | 4. Plaintiff refuses to be deposed for reasons that are petty and unprofessional. | 10 |
| IV. | LEGAL ARGUMENT | | 11 |
| | A. | This motion should be denied because Plaintiff failed to meet and confer before filing | 11 |
| | B. | Ex parte relief is not appropriate | 12 |
| | | 1. Plaintiff has utterly failed to establish irreparable harm. | 12 |
| | | 2. Plaintiff has caused the discovery delays he now laments. | 13 |
| | C. | The Order for Pretrial Preparation should not be amended | 15 |
| | | 1. It was reasonably foreseeable for many months that Plaintiff would need to modify his discovery requests in order to obtain responses. | 15 |
| | | 2. Plaintiff's delay in noticing depositions is the reason he only recently obtained certain class information. | 17 |
| | | 3. Plaintiff did not act promptly to resolve the discovery dispute over the scope of his early discovery. | 17 |
| | | 4. Defendants will be prejudiced if Plaintiff's motion is granted. | 18 |
| V. | CONCLUSION | | 18 |

-2-

CASE NO. 4:08-cv-04722-SBA   DEFENDANTS APPLE AMERICAN GROUP LLC and APPLE NORCAL, LLC's OPPOSITION TO PLAINTIFF CAESAR OSKAN'S EX PARTE APPLICATION TO MODIFY THE CASE MANAGEMENT ORDER ISSUED ON JUNE 17, 2009

I. STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the ex parte relief is proper where Plaintiff has not given any advance notice to Defendants about this motion whatsoever (much less met and conferred) and Plaintiff's alleged "irreparable harm" is merely having to file for class certification with his current named Plaintiff, where Plaintiff cannot identify the additional discovery he needs and Plaintiff's own actions caused the current predicament.

2. Whether there is good cause to amend the case scheduling order where is has been clear since July 2009 that Defendants object to classwide discovery, Plaintiff waited until January 2010 to file deposition notices and a motion to compel and now that Defendants have provided relevant information Plaintiff laments his alleged inability to file for class certification by the May 18, 2010 deadline specified in the Court's scheduling order.

## II. INTRODUCTION

The named Plaintiff in this lawsuit has already signed a settlement and release for the very claims of unpaid overtime and missed breaks that he seeks to litigate on behalf of a class of Assistant Managers across the nation who work at Applebee's restaurants run by Apple American Group, LLC and Apple Norcal, LLC. Plaintiff maintains that he did not understand the settlement and release, and that this makes him a suitable class representative. However, instead of agreeing to limit discovery to the validity of the release document before moving on to class issues, Plaintiff has repeatedly and immediately demanded classwide discovery.

Defendants have consistently and repeatedly refused to produce classwide information, claiming that the issue of the release must be dealt with first. Having wasted months and months sending letters to Defendants demanding responses to Plaintiff's overly broad classwide discovery requests, Plaintiff filed a Motion to Compel on January 25, 2010. Pursuant to the directive of a Magistrate Judge to informally resolve discovery disputes, the parties agreed to a limited set of requests and responses, one of which was a list of contact information limited to putative California class members.

Once Plaintiff was able to contact current and former employees and get new persons to serve as named plaintiffs, he immediately moved to do so – as it is obvious that the current named class member is inadequate by virtue of the settlement and release he executed with Defendants. However, Plaintiff's motion to add new plaintiffs will not be heard until May 4, 2010 after the April 13, 2010 filing deadline for hearings on dispositive motions in this case. Apparently, the prospect of filing for class certification using the current Plaintiff (and not new plaintiffs) has sent the Plaintiff into a panic. Indeed, when filing Plaintiff's Ex Parte Application to Modify the Case Management Order, Plaintiff did not even notify Defendants that he was making the motion, much less meet and confer as required by standing orders.

Ultimately, if the Court even deigns to consider the Plaintiff's motion in light of the inexplicably surreptitious manner in which it has been filed, Defendants respectfully request that

-4-

Plaintiff's Ex Parte Application to Modify the Case Management Order be denied because (1) Plaintiff will not be barred from moving for class certification, and (2) Plaintiff is in this predicament because he simply failed to address the obvious and outstanding discovery dispute between the parties in a timely manner, which (3) neither amounts to an emergency required to bring an ex parte motion nor "good cause" required to amend a case scheduling order.

### III.     STATEMENT OF FACTS

#### A.     The lawsuit

As the Court will see, this law suit should have been dismissed long ago as it was settled on November 20, 2008.  On that date, the sole named Plaintiff in the case, Caesar Oskan, signed a General Settlement and Release of Claims dismissing the very claims he now seeks to bring.  The history of this dispute is as follows:

Plaintiff was employed as an Assistant Manager at an Applebee's restaurant operated by Defendants in Santa Rafael, California from May 14, 2007 until being terminated for poor performance on October 17, 2007.  [Griffin Decl. ¶ 3.]

On September 19, 2008, Oskan initiated contact with Defendants, writing that his attorney, Yosef Peretz, had advised Oskan to bring a lawsuit but that he (Oskan) would rather informally resolve his issues with the Defendants.  [Griffin Decl. ¶ 4, Ex. 1.]  Before Defendants could respond, Plaintiff's attorney filed the initial complaint in this lawsuit on October 14, 2008 alleging failure to pay overtime in violation of state and federal laws, plus a variety of state law claims including failure to provide meal and rest breaks.  [Griffin Decl. ¶ 5, Ex. 2.]  Nevertheless, in a letter dated November 12, 2008, Oskan again wrote to Defendants, "I really don't like dealing with attorneys" and "I am requesting $3000.00 for full settlement between me and Apple American Group LLC."  [Griffin Decl. ¶ 6, Ex. 3.]  Defendants paid the amount demanded by Oskan and Oskan signed a release of "any and all claims" against Defendants.  [Griffin Decl. ¶ 7, Ex. 4.]  Despite the settlement, Oskan filed his First Amended Complaint on December 23, 2008

-5-

asserting the very claims he had just settled. [Griffin Decl. ¶ 8, Ex. 5.]

Defendants maintain, and have always maintained, that (a) Plaintiff has no standing to bring this case because of his release, and (b) at all times Assistant Mangers working at Defendants' restaurants have been properly paid under state and federal law.

### B. The Rule 16 Conference and Order for Pretrial Preparation

On June 17, 2009, this Court conducted a Rule 16 Case Management Conference. This Court determined that eleven months would be an appropriate amount of time in which to conduct discovery and hear dispositive motions. On June 23, 2009, it issued an Order for Pretrial Preparation that stated:

> All motions including dispositive motions shall be *heard* on or before ***5/18/10*** at 1:00 p.m. The parties must meet and confer *prior* to filing any motion. The movant shall certify to the Court in its moving papers that it has complied with this requirement. Should the parties fail to meet and confer, the Court may decline to hear the motion.

(Emphasis in original.) That same order contained the following discovery cutoff:

> All discovery, except for expert discovery, shall be completed and all depositions taken on or before ***3/31/10***. The parties are responsible for scheduling discovery so that motions to resolve discovery disputes can be heard before the above discovery cut-off.

(Emphasis in original.) [Griffin Decl. ¶ 9, Ex. 6.] Thus, Plaintiff has been fully aware of the various cutoff dates in this case since June 2009. Plaintiff admits he had no objection to the scheduling order when it was issued. (Pl.'s Mot. 9.)

### C. The parties engage in discovery

#### 1. It was clear from the beginning that the parties fundamentally disagreed on the proper scope of discovery.

On July 2, 2009, Plaintiff served Defendants with classwide discovery requests totaling 184 Requests for Production of Documents, 19 Interrogatories, and 233 Requests for Admissions. [Griffin Decl. ¶ 10.] Interrogatory number 14 asked Defendants to "Identify each and every employee with the job title Assistant Manager who worked in that capacity at each of your Applebee's locations…and was classifies (sic) as Fed-Exempt employee during the class period."

-6-

CASE NO. 4:08-cv-04722-SBA    DEFENDANTS APPLE AMERICAN GROUP LLC and APPLE NORCAL, LLC's OPPOSITION TO PLAINTIFF CAESAR OSKAN'S EX PARTE APPLICATION TO MODIFY THE CASE MANAGEMENT ORDER ISSUED ON JUNE 17, 2009

1  [Griffin Decl. ¶ 11, Ex. 7.]

2      Defendants immediately objected to the scope and number of discovery requests and
3  attempted to engage Plaintiff in the meet and confer process.  On July 24, 2009 Defendants wrote
4  to Plaintiff asserting their position that "moving forward with full-fledged discovery when the
5  majority of that discovery centers on issues that [because of Plaintiff's release] may never need to
6  be addressed would be a waste of parties' resources." [Griffin Decl. ¶ 12, Ex. 8.]

7      On August 5, 2009, Plaintiff rejected Defendants proposal to limit discovery to the issue of
8  Plaintiff's release, writing "Defendants are in sole possession of virtually all of the evidence in
9  this case and Plaintiff cannot demonstrate the propriety of class certification without it.  Plaintiff
10 does not consent, therefore, to limitations on discovery that will prevent him from obtaining
11 evidence necessary for a class certification showing under FRCP 23." [Griffin Decl. ¶ 13, Ex. 9.]

12     Thus, on August 5, 2009, the parties had staked out their early respective positions on
13 discovery.  At that point, the discovery cutoff was almost eight months away.

14     Thereafter, Defendants requested and were granted extensions of time in which to provide
15 responses to Plaintiff's discovery requests.  [Griffin Decl. ¶ 14, Ex.10.]  Plaintiff attempts to make
16 much of these extensions, but the reality is that (a) the extensions totaled <u>one</u> additional month for
17 Defendants to respond, and (b) a short extension was entirely reasonable given the wide scope and
18 volume of Plaintiff's requests.

19     On September 8, 2009 Defendants responded to Plaintiff's discovery requests by providing
20 many substantive responses, including documents, and some objections.  The objections reflected
21 the same position Defendants had previously communicated, to wit: Plaintiff has no right to
22 classwide discovery until the parties resolve the issue of Plaintiff's release.  With regard to
23 Interrogatory number 14 (seeking class contact information) Defendants objected on several
24 grounds, including "it seeks information regarding employees that are not at issue in this lawsuit"
25 and "it exceeds the scope of discovery that is appropriate at this stage of the litigation." [Griffin
26 Decl. ¶ 15, Ex. 11.]

27

-7-

28   CASE NO. 4:08-cv-04722-SBA     DEFENDANTS APPLE AMERICAN GROUP LLC and APPLE NORCAL, LLC's OPPOSITION TO PLAINTIFF CAESAR OSKAN'S EX PARTE APPLICATION TO MODIFY THE CASE MANAGEMENT ORDER ISSUED ON JUNE 17, 2009

1    Almost one month later, on November 3, 2009 Plaintiff sent a letter challenging
2 Defendants' discovery responses.  "Plaintiff is entitled to the discovery of evidence that will
3 enable him demonstrate that the class of plaintiffs in this case meets the requirement of Federal
4 Rules of Civil Procedure ('FRCP'), Rule 23."  Plaintiff's letter also stated, "We are prepared to
5 move to Compel if the Defendants (sic) are not supplemented by December 10, 2009."  [Griffin
6 Decl. ¶ 16, Ex. 12.]
7    Thus, on November 3, 2009, it remained clear that the parties had a fundamental
8 disagreement over the scope of discovery – so much so that Plaintiff believed that a Motion to
9 Compel was in order.  The discovery cutoff was almost five months away.
10    On December 11, 2009 Defendants wrote to Plaintiff re-asserting their position that
11 discovery should be limited.  [Griffin Decl. ¶ 17, Ex. 13.]  Plaintiff responded on December 15,
12 2009 arguing again that Plaintiff is entitled to classwide discovery and (again) threatening a
13 motion to compel if Defendants did not supplement their discovery responses by December 21,
14 2009.  [Griffin Decl. ¶ 18, Ex. 14.]
15    Thus, as of December 15, 2009, Plaintiff had wasted almost three months sending
16 increasingly threatening and angry letters and refusing to properly limit the scope of his discovery
17 requests.  During this time, Defendants never once promised additional information regarding the
18 putative class members.  The discovery cutoff was more than three months away.
19    On January 25, 2010 – a little over two months before the discovery cutoff – Plaintiff filed
20 a Motion to Compel Discovery Responses and Production of Documents.  [Griffin Decl. ¶ 19, Ex.
21 15.]

## 2. Defendants complied in good faith with the Court's request asking the parties to further meet and confer.

Once Plaintiff filed his Motion to Compel, this Court referred the matter to Magistrate Judge Joseph C. Spero.  [Griffin Decl. ¶ 20, Ex. 16.]  Judge Spero then ordered the parties to meet and confer in person at the Judge's chambers, no later than February 12, 2010.  [Griffin Decl. ¶ 21,

-8-

CASE NO. 4:08-cv-04722-SBA    DEFENDANTS APPLE AMERICAN GROUP LLC and APPLE NORCAL, LLC's OPPOSITION TO PLAINTIFF CAESAR OSKAN'S EX PARTE APPLICATION TO MODIFY THE CASE MANAGEMENT ORDER ISSUED ON JUNE 17, 2009

Ex. 17.] The parties agreed to meet on February 12, 2010 and at that session Judge Spero ordered the parties to "work out" the discovery disputes.

At that conference, both sides made concessions to avoid a hearing. Plaintiff agreed to officially narrow his discovery requests and Defendants agreed to produce responses to requests as so limited. For instance, Plaintiff agreed to limit the scope of Interrogatory number 14 to California class members who do not work as "chefs." The parties agreed that the supplemental discovery would be due on March 4, 2010. [Griffin Decl. ¶ 22, Ex. 18.] Despite being out of the country on business, between March 4 and 6, 2010, Defendants produced contact information for class members, supplemental answers to sixty (60) Requests for Admissions, four (4) Interrogatories and over five hundred (500) additional pages of documents responsive to Plaintiff's Requests for Production. [Griffin Decl. ¶ 23.]

### 3. Plaintiff's serial "unavailability" compromised his ability to conduct depositions.

On January 6 and 7, 2010, Plaintiff unilaterally propounded a series of notices for depositions to take place between February 15 and March 1, 2010. [Griffin Decl. ¶ 24.] Because the Plaintiff did not confer about the deposition dates ahead of time as required by Local Rule 30-1 -- and the parties were in the throes of the document discovery dispute the depositions did not proceed as noticed and the parties began negotiating alternative dates for depositions. [Griffin Decl. ¶ 25.]

As Plaintiff's motion admits, "Plaintiff's counsel had limited flexibility for a series of depositions because he has been engaged in trial…since February 11, 2010, until March 23, 2010." (Pl.'s Mot. [Burstein Decl. ¶ 15].) Plaintiff's admitted unavailability does not justify ex parte relief as it was (a) foreseeable, and (b) not the fault of Defendants or this Court. Moreover, Plaintiff's claim of unavailability to conduct his own discovery belies the claim that Plaintiff was prepared to go forward with the depositions noticed on January 6, because half of them were

-9-

1  scheduled to take place between February 11 and March 23, 2010, i.e., the precise window when
2  Plaintiff now admits he was in trial and unavailable.
3      Plaintiff also had a pre-planned vacation from March 26 to April 2 that further limited the
4  scheduling of depositions in March. [Griffin Decl. ¶ 26, Ex. 19.] Again, this was foreseeable and
5  not the fault of Defendants.
6      Despite the extraordinarily limited amount of time in which depositions could be
7  scheduled (due to Plaintiff's unavailability), Defendants engaged in *Herculean* efforts to make
8  witnesses available for Plaintiff before the discovery cutoff date of March 31, 2010. Thus far, two
9  witnesses have been deposed, Cas Banaszek (on March 25, 2010) and James Peyton (on March
10 31, 2010) and Defendants have agreed to even allow two additional depositions past the discovery
11 cutoff – one on April 7 for a witness that is no longer employed by Defendants and one by April
12 16, 2010 for a witness that was sick on his originally-schedule deposition date. [Griffin Decl. ¶
13 27.]

    **4.    Plaintiff refuses to be deposed for reasons that are petty and unprofessional**.

16     While Plaintiff claims the role of "victim" throughout, his discovery gamesmanship cannot
17 be ignored. Defendants conferred with Plaintiff in an attempt to pin down a convenient date for
18 Plaintiff's deposition over the course of three weeks. [Griffin Decl. ¶ 28, Ex. 20.] Plaintiff
19 refused to offer the Plaintiff for deposition before the discovery cutoff date so, on March 16, 2010,
20 Defendants properly noticed that deposition for Friday, March 26, 2010. [Griffin Decl. ¶ 29, Ex.
21 21.] On March 18, 2010, Plaintiff agreed to the deposition date. [Griffin Decl. ¶ 30, Ex. 22.]
22     On Wednesday, March 24, 2010, *48 hours before Plaintiff's deposition was scheduled to*
23 *go forward*, Plaintiff suddenly demanded the deposition of Jim Gamelin on Monday, March 29,
24 2010 in Oakland, California. Mr. Gamelin, a resident of Cleveland, Ohio, was scheduled to be in
25 Florida on March 29, 2010. Despite his best efforts, Mr. Gamelin could not be present in the Bay
26 Area for a deposition on Monday, March 29 with only four days notice. Although Defendants

-10-
CASE NO. 4:08-cv-04722-SBA     DEFENDANTS APPLE AMERICAN GROUP LLC and APPLE NORCAL, LLC's OPPOSITION TO PLAINTIFF CAESAR OSKAN'S EX PARTE APPLICATION TO MODIFY THE CASE MANAGEMENT ORDER ISSUED ON JUNE 17, 2009

offered all manner of alternatives – including a telephonic deposition on Monday, March 29, postponing Plaintiff's deposition so Gamelin could be deposed on Friday, March 26, deposing both Plaintiff and Gamelin on Friday, March 26, and even deposing Gamelin on Saturday, March 27, 2010 – Plaintiff refused to try and work out a discovery schedule – instead demanding that Gamelin be deposed (a) in person, (b) in the Bay Area, and (c) on Monday, March 29, 2010. [Griffin Decl. ¶ 31.]

Given Plaintiff's unreasonable position, Gamelin ultimately could not be deposed. In a pure fit of retaliation, Plaintiff then refused to appear for his properly noticed and previously scheduled deposition on Friday March 26, 2010 – a deposition that had not only been noticed ten days prior, but also specifically agreed to by Plaintiff. [Griffin Decl. ¶ 32, Ex. 23.] Unfortunately, this deposition will be the subject of an upcoming discovery motion.

## IV. LEGAL ARGUMENT

### A. This motion should be denied because Plaintiff failed to meet and confer before filing

Notably missing from Plaintiff's moving papers is a certification that Plaintiff engaged in any meet and confer session with Defendants before filing his motion. This is because it simply never happened. In fact, **Plaintiff provided no notice at all that it planned to file the current motion**.

Judge Armstrong's Standing Orders for use in civil cases clearly states twice: "All parties are required to meet and confer before filing any motion with this court, and to certify that they have complied with this requirement." Also, the Order for Pretrial Preparation in this case includes the following: "The parties must meet and confer **prior to filing *any* motion**. The movant shall so certify to the Court in its moving papers that it has complied with this requirement. **Should the parties fail to meet and confer, the Court may decline to entertain the motion**." (Emphasis added.) [Griffin Decl. ¶ 9, Ex. 6.]

-11-
CASE NO. 4:08-cv-04722-SBA     DEFENDANTS APPLE AMERICAN GROUP LLC and APPLE NORCAL, LLC's OPPOSITION TO PLAINTIFF CAESAR OSKAN'S EX PARTE APPLICATION TO MODIFY THE CASE MANAGEMENT ORDER ISSUED ON JUNE 17, 2009

In this case, Defendants learned of Plaintiff's Ex Parte Application to Modify the Case Management Order on the morning of Wednesday, April 31 when Defense counsel saw an email sent by the court's electronic filing system. [Griffin Decl. ¶ 33.] Plaintiff's failure to follow this Court's orders is particularly poignant in light of the fact that Plaintiff's plea for more time is based on (unfounded) allegations of bad faith on the part of Defendants.

### B. Ex parte relief is not appropriate

#### 1. Plaintiff has utterly failed to establish irreparable harm.

In *Mission Power Eng'g Co. v. Continental Cas. Co*, 883 F.Supp 488 (C.D. Cal. 1995) the court considered an ex parte application for an order shortening time to hear a motion to compel. In denying the ex parte motion on the grounds that there was no prospect of irreparable harm, the ruling discussed the perils of legal abuse of ex parte motions:

> Regrettably, however, lawyers are the principal abusers of what Judge Rymer referred to as a "hybrid" form of ex parte communication: a request for action by the court made outside the framework of the rules. These are usually captioned, "Ex parte Application," "Ex parte Motion," or "Ex parte Request." They contain no notice of hearing, though they often ask the court to hold a hearing urgently.

*Id* at 490. The present motion by Plaintiff is just such an abusive motion. Plaintiff has not made (and cannot make) a showing that giving notice of this motion to Defendants might "nullify the ability to achieve the end sought." Plaintiff is using the ex parte mechanism to escape the normal rules of motion practice. *Id* . Having been advised of the various cut-off dates many months prior there is simply no justification for the inordinate delay in moving the Court on regular noticed motion. If any emergency exists, it is clear that it was one of Plaintiff's own making as all parties have been aware of the litigation dates for a very long time.

As the *Mission* court noted: "This [ex parte motion abuse] detracts from a fundamental purpose of the adversary system, namely, to give the court the best possible presentation of the merits and demerits of the case on each side. The opposing party can rarely make its best presentation on such short notice." *Id* at 491.

For these reasons, ex parte motions must be used sparingly and only in the most dire

-12-
CASE NO. 4:08-cv-04722-SBA    DEFENDANTS APPLE AMERICAN GROUP LLC and APPLE NORCAL, LLC's OPPOSITION TO PLAINTIFF CAESAR OSKAN'S EX PARTE APPLICATION TO MODIFY THE CASE MANAGEMENT ORDER ISSUED ON JUNE 17, 2009

circumstances. Again, the *Mission* decision is instructive:

> When an ex parte motion is filed, it is hand-delivered immediately from the clerk's office to the judge. The judge drops everything except other urgent matters to study the papers. It is assumed that the tomatoes are about to spoil or the yacht is about to leave the jurisdiction and that all will be lost unless immediate action is taken…It is rare that a lawyer's credibility is more on the line, more vulnerable, than when he or she has created this kind of interruption. **Lawyers must understand that filing an ex parte motion, whether of the pure or hybrid type, is the forensic equivalent of standing in a crowded theater and shouting, "Fire!" There had better be a fire**.

*Id* at 492. In this case, Plaintiff's "emergency" is simply nonexistent. Plaintiff piously claims that he has been "unable to obtain the necessary information to file the Motion for Class Certification." However, Plaintiff's motion does not even specify what "improperly withheld" discovery he needs in order to file a motion for class certification. That is because there isn't any. Defendants have produced volumes of documents and contact information for employees based upon the meet and confer discovery agreement forged by Judge Spero where both sides made concessions to avoid a discovery hearing.

Furthermore, neither Defendants nor this Court have ever restricted Plaintiff from filing a motion for class certification. Indeed, Plaintiff can still file a motion for class certification. Plaintiff would simply have to make the motion to certify the class in the very near future to make the May 18, 2010 cutoff. Simply put: there is no fire. Plaintiff's emergency motion is not even warm.

### 2. Plaintiff has caused the discovery delays he now laments.

The Plaintiff's motion characterizes Defendants' actions as a "strategic decision to stall, delay and outright deny class discovery." (Pl.'s Mot. 9.) In reality, on July 24, 2009, Defendants communicated the altogether reasonable and legally supportable position that classwide discovery is not appropriate in this case because of Plaintiff's signed release. [Griffin Decl. ¶ 12, Ex 8.] Defendants' discovery responses on September 8, 2009 reflect that position. [Griffin Decl. ¶ 15, Ex 11.] That Defendant eschewed any serious meet and confer attempts – and waited almost five

-13-
CASE NO. 4:08-cv-04722-SBA   DEFENDANTS APPLE AMERICAN GROUP LLC and APPLE NORCAL, LLC's OPPOSITION TO PLAINTIFF CAESAR OSKAN'S EX PARTE APPLICATION TO MODIFY THE CASE MANAGEMENT ORDER ISSUED ON JUNE 17, 2009

1  (5) months after receiving those discovery responses to file a motion to compel -- is not the fault
2  of Defendants.  During those intervening months, Defendants did not make empty promises or
3  otherwise lead Plaintiff to believe that classwide discovery would be forthcoming.  Indeed,
4  Plaintiff has not and cannot make such a claim. Tellingly, after the parties met and conferred in
5  earnest then the discovery dispute was resolved and responses to the discovery were provided with
6  agreed upon limitations.
7        In Plaintiff's moving papers, he claims that "Plaintiff and Defendants originally agreed to
8  stay discovery until the [Early Neutral Evaluator] session."  Further that "The ENE session took
9  place on December 15, 2009 and spun into mediation and a month of extended settlement
10  negotiations during which discovery remained stayed because a settlement looked foreseeable."
11  This claim is not well taken.  Plaintiff's moving papers cite no evidence to prove this claim, nor
12  does Plaintiff attempt to articulate dates during which this alleged "stay" was in place.  At any
13  rate, Plaintiff's claim of a "discovery stay" is contradicted by the fact that Plaintiff consistently
14  sent correspondence regarding discovery disputes.
15        The Plaintiff also claims that, at the conclusion of the ENE session, there was an
16  agreement to extend the discovery deadline and continue the trial date between himself and
17  Defendant's attorney at the time, Tracy Todd.  However, Ms. Todd flatly denies such an
18  agreement. [Griffin Decl. ¶ 34, Ex. 24.]  There is no evidence, beyond Plaintiff's statements, that
19  any such agreement ever existed.  Plaintiff cannot point to a letter, or even an email – nothing to
20  confirm such an important point.  Moreover, even if parties had made such an agreement, Federal
21  Rule of Civil Procedure 16(b)(4) provides that "A schedule may be modified only for good cause
22  **and with the judge's consen**t."  (Emphasis added.)  Thus, Plaintiff may not claim reliance on an
23  oral agreement between the parties to excuse his disregard for the scheduling order.  The Court,
24  not the parties, controls the order.
25        Having been clearly put on notice as early as July 2009 that Defendants would not respond
26  to discovery as originally served, Plaintiff could have made the present motion to extend the

-14-

CASE NO. 4:08-cv-04722-SBA   DEFENDANTS APPLE AMERICAN GROUP LLC and APPLE NORCAL, LLC's OPPOSITION TO PLAINTIFF CAESAR OSKAN'S EX PARTE APPLICATION TO MODIFY THE CASE MANAGEMENT ORDER ISSUED ON JUNE 17, 2009

deadline in which to file class certification using the regular motion process. Plaintiff did not. And, Plaintiff later agreed that his initial discovery was overbroad by officially agreeing to limit it to only California employees. As the *Mission* court aptly stated, "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id*. at 493 (citing *In re Intermagnetics America, Inc*., 101 B.R. 191, 193 (C.D. Cal. 1989)).

### C. The Order for Pretrial Preparation should not be amended

Rule 16(b) provides, "[a] schedule shall not be modified except by leave of the judge or a magistrate when authorized by a district court rule upon a showing of good cause." Fed.R.Civ.P. 16(b). To establish "good cause" the party seeking an amendment must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable.

> As explained by courts and set forth by the Advisory Notes to Rule 16:
> In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation.' *Tower Ventures, Inc. v. Westfield*, 296 F.3d 43, 45 (1st Cir. 2002). Rule 16 provides the district court with many devices to manage its docket. *See Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998). For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be cavalierly disregarded without peril. [citations omitted].

*O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir 2004); Fed. R. Civ. P. 16, 1983 advisory committee's notes.

In this case, Plaintiff has not demonstrated a diligent effort to comply with the Court's timetable. Each issue about which Plaintiff now complains was the foreseeable result of his own action or inaction.

### 1. It was reasonably foreseeable for many months that Plaintiff would need to modify his discovery requests in order to obtain responses.

Since July 2009 Defendants have rightfully maintained that Plaintiff is not entitled to the broad scope of discovery sought in his written discovery requests. In his motion, Plaintiff claims that "Plaintiff did not begin receiving information about the class until March 4, 2010" as if to

1  suggest that (a) he received no discovery until then, and (b) the delay was the fault of Defendants.
2  Yet, Defendants had provided a good deal of discovery to Plaintiff with their original discovery
3  responses.  And, the delay in resolving the disputed issues was in no way the fault of Defendants.
4  Plaintiff has time and time again litigated on the premise of threats and outrageous demands.
5  Judge Spero seemed to understand the situation and quickly demanded that the parties *seriously*
6  engage in a good faith meet and confer effort.  Judge Spero's directive led Plaintiff to officially
7  limit the scope of his discovery requests.  The fact that Plaintiff did not seriously pursue good faith
8  meet and confer efforts for discovery and/or bring a timely noticed motion here is not grounds for
9  modifying the scheduling order. *Claytor v. Computer Asso. Int'l, Inc*. 211 F.R.D. 665, 667 (D.
10 Kan. 2003) (upholding magistrate judge's denial of discovery cutoff extension because "Plaintiff
11 should have sought assistance from the court earlier than [the day before the cutoff] if he believed
12 that defendant was obstructing the discovery process or believed that, for whatever reason, he was
13 not going to be able to complete discovery consistent with the discovery deadline."); *see Jones v.*
14 *Greyhound Lines, Inc*., 2009 WL 3809810 at *9 (D. Kan. 2009)(rejecting Plaintiff's argument that
15 "'exhaustive informal efforts to obtain complete and appropriate discovery responses'" constitute
16 "good cause" for not filing Motion to Compel within proper time limits), and *Gestetner Corp. v*
17 *Case Equipment Co.,* 108 F.R.D. 138 (D. Maine 1985)(no "good cause" for amending scheduling
18 order where Plaintiff failed to offer justification for delay in pursuing discovery).
19      Plaintiff also alleges that he recently learned that "Defendants had withheld certain class
20 members' identification."  This is nonsense.  Plaintiff always knew of the existence of Kitchen
21 Managers and agreed to <u>exclude</u> those employees from his discovery demands as one of the meet
22 and confer concessions, likely because Plaintiff was never a Kitchen Manager. [Griffin Decl. ¶
23 35.]  ("Assistant Managers" run the front of the restaurants, and "Kitchen Managers" run the
24 kitchen at Defendant's restaurants.)  In a letter from Plaintiff dated March 26, 2010, Plaintiff
25 concedes, "We originally limited the scope of discovery to exclude Kitchen Managers until we
26
27
28  CASE NO. 4:08-cv-04722-SBA

-16-
DEFENDANTS APPLE AMERICAN GROUP LLC and APPLE
NORCAL, LLC's OPPOSITION TO PLAINTIFF CAESAR
OSKAN'S EX PARTE APPLICATION TO MODIFY THE CASE
MANAGEMENT ORDER ISSUED ON JUNE 17, 2009

were able to determine that they maintain the same status as other Assistant Managers."[1] [Griffin Decl. ¶ 36, Ex 25.] Plaintiff made a demand for Kitchen Managers' contact information for the first time on March 26, 2010 and Defendant provided contact information for all but three Kitchen Managers on Wednesday, March 31, 2010 – in time for the discovery cutoff. [Griffin Decl. ¶ 37, Ex 26.] Defendants have since provided contact information for the three Kitchen Managers whose information was not contained in the initial disclosure. [Griffin Decl. ¶ 38.] Thus, Plaintiff is currently in full possession of the requested Kitchen Manager information.

### 2. Plaintiff's delay in noticing depositions is the reason he only recently obtained certain class information.

Plaintiff also argues that he has "only been afforded the opportunity by Defendants to depose one of their witnesses on the subject of class." However (without first conferring with Defendants) Plaintiff first issued Notices of Deposition on January 6 and 7, 2010 and Plaintiff admits that he was in trial and unavailable to take depositions from February 11 until March 23, 2010. Defendants have bent over backwards to comply with Plaintiff's multitude of unilateral and improperly noticed demands for depositions. Plaintiff has only himself to blame for waiting until January 2010 to issue deposition notices when he was scheduled to be in trial for several weeks between that time and the discovery cutoff on March 31, 2010.

### 3. Plaintiff did not act promptly to resolve the discovery dispute over the scope of his early discovery.

According to Plaintiff's motion, "Once it became clear that Plaintiff would not have the necessary information to file the Motion for Class Certification and/or a Motion for Summary Judgment, Plaintiff immediately petitioned the Court." This glaring falsehood is demonstrably

---

[1] Why, despite hundreds upon hundreds of discovery requests, Plaintiffs never asked for information about the "status" of Kitchen Managers before March 26, 2010 is never explained by Plaintiffs.

1 untrue. As set forth above, Plaintiff could have seriously pursued good faith meet and confer
2 efforts and/or brought this motion last year. There is no justification for Plaintiff's delays. Even if
3 one assumed, *arguendo*, that Plaintiff has just realized the consequences of his delay, this does not
4 begin the clock from which to calculate "promptness" as required by law. *Jackson v. Laureate,*
5 *Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)(stating that a party moving to change a scheduling
6 order must show that s/he made a prompt request for modification once it became apparent that
7 compliance was not possible).

**4. Defendants will be prejudiced if Plaintiff's motion is granted.**

Predictably, Plaintiff's motion does not address the issue of whether Defendants will be prejudiced if the Court grants his request. However, the Court should consider the potential prejudice to the Defendants when considering whether Plaintiffs have shown "good cause" to amend a scheduling order. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)(involving amendment of pleadings).

Defendants would be prejudiced by a granting of this motion. The cost to comply with the Court's scheduling order, both in terms of time and money, has been substantial. Defendants have gone to great lengths to follow the Court's order in good faith, producing massive amounts of discovery and disrupting the lives of our employees when trying to schedule improperly noticed, unilaterally-declared depositions at a moment's notice for the Plaintiff. In return, Plaintiff has acted without regard for the discovery cutoff and in an extraordinary act of unprofessionalism and bad faith, pulled the plug on Plaintiff's deposition at the eleventh hour simply because Defendants could not make the stars align perfectly for Plaintiff when he demanded one deposition with almost no notice whatsoever.

**V. CONCLUSION**

For the reasons stated above, Plaintiffs are unable to present sufficient reasons why this Court's Order for Pretrial Preparation should be modified. Accordingly, Defendants respectfully request that this Court deny Plaintiffs' motion.

-18-
CASE NO. 4:08-cv-04722-SBA DEFENDANTS APPLE AMERICAN GROUP LLC and APPLE NORCAL, LLC's OPPOSITION TO PLAINTIFF CAESAR OSKAN'S EX PARTE APPLICATION TO MODIFY THE CASE MANAGEMENT ORDER ISSUED ON JUNE 17, 2009

1
2   Dated: April 4, 2010
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28   CASE NO. 4:08-cv-04722-SBA

Respectfully submitted,

APPLE AMERICAN GROUP LLC and APPLE NORCAL LLC


By _____/s/_____
MELISSA L. GRIFFIN, ESQ.

Attorney for Defendants and Cross-Complainants
APPLE AMERICAN GROUP LLC and
APPLE NORCAL LLC

-19-
DEFENDANTS APPLE AMERICAN GROUP LLC and APPLE NORCAL, LLC's OPPOSITION TO PLAINTIFF CAESAR OSKAN'S EX PARTE APPLICATION TO MODIFY THE CASE MANAGEMENT ORDER ISSUED ON JUNE 17, 2009