UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CAESAR OSKAN, individually, on behalf of all other similarly situated persons, and on behalf of the California Labor Workforce Development Agency and the State of California,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE AMERICAN GROUP; APPLE NORCAL, LLC, and DOES 1-20,<br><br>Defendants. | Case No: C 08-4722 SBA<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO MODIFY CASE MANAGEMENT ORDER ISSUED ON JUNE 17, 2009**<br><br>Docket 57 |

On June 23, 2010, the Court entered an Order for Pretrial Preparation which set a law and motion cut-off date of May 18, 2010, and a trial date of July 12, 2010. Currently on calendar for May 4, 2010, is Plaintiff's motion to continue the trial date and motion to file an amended complaint. On March 30, 2010, pursuant to Civil Local Rule 7-10, Plaintiff filed the instant Ex Parte Application to Modify Case Management Order Issued On June 17, 2009, to extend the deadline to file a motion for class certification and/or motion for summary judgment until ten days after the Court rules on the motions to continue the trial date and to amend the complaint.

Plaintiff's ex parte application is not properly before the Court. In violation of the Court's standing orders, Plaintiff filed his request without first meeting and conferring with Defendants. In addition, Plaintiff's ex parte application is not cognizable under Civil Local Rule 7-10. Local Rule 7-10 permits the filing of an ex parte motion "only if a statute, Federal Rule, local rule of Standing Order authorizes the filing of an ex parte motion . . . ." Here, Plaintiff claims that his application is authorized by Rule 16(b)(4). Pl.'s Ex Parte Appl. at 7.

| | |
|---|---|
| 1 | However, that rule merely states that "[a] schedule may be modified only for good cause and |
| 2 | with the judge's consent," Fed.R.Civ.P. 16(b)(4); it makes no mention of authorizing an ex |
| 3 | parte application to alter the pretrial schedule.  Plaintiff's ten-page request is instead governed |
| 4 | by Local Rule 6-3 or 7-11, which limits such motions to five pages in length.  Accordingly, |
| 5 | IT IS HEREBY ORDERED THAT Ex Parte Application to Modify Case Management |
| 6 | Order Issued On June 17, 2009 is DENIED WITHOUT PREJUDICE.  Should Plaintiff seek to |
| 7 | renew his ex parte application, he must first conduct a telephonic or face-to-face meet and |
| 8 | confer with Defendants regarding any and all issues he intends to raise in such application, and |
| 9 | certify to the Court in his application that he has complied with this requirement.  In addition, |
| 10 | any renewed application and opposition thereto shall not exceed five pages in length.  This |
| 11 | Order terminates Docket No. 57. |
| 12 | IT IS SO ORDERED. |
| 13 | Dated: April 6, 2010 |
| 14 | _____  SAUNDRA BROWN ARMSTRONG  United States District Judge |